NEW YORK, LAKE ERIE AND WESTERN RAILWAY COM-
PANY, PLAINTIFF IN ERROR, v. SAMUEL RANDEL, DE-
FENDANT IN ERROR.

1. Where a railroad company has created extra danger it is bound to use
   extra precautions; and if the track is put in a position where the
   trains, when close to their transit over a public street or road, cannot
   be seen, that is an extra danger calling for more than ordinary caution-
   ary signals.
2. It was not error in the court, in such a case, to refuse to charge that
   under the circumstances the company had discharged its whole duty
   to those of the public who had occasion to use the track at that place,
   by merely ringing the bell at the crossing.
3. Where a traveler was crossing, in a wagon, the tracks of a railroad in
   a place of extra danger, and the flagman did not notify him of the
   coming of the train until after he had begun to cross the tracks, and
   the traveler then misunderstood the warning and went forward when
   he ought to have retreated—*Held*, that such misunderstanding should
   not, under the circumstances, be imputed to him as negligence.

Error to Passaic Circuit Court.

For the plaintiff in error, *Cortlandt Parker*.

For the defendant in error, *J. W. Griggs*.

The opinion of the court was delivered by

THE CHANCELLOR.    This suit was brought by Samuel
Randel to recover damages from the railroad company for in-
juries received by him while crossing the track of its railroad
where it crosses Straight street, in the city of Paterson.    The
injuries arose from a collision of a locomotive engine, drawing
a train of cars belonging to the company, with Randel's wagon,
in which he was riding.    The company insists that the court
at the trial ought to have given judgment of non-suit when
the plaintiff rested, because, as it insists, the evidence showed
contributory negligence on the part of the latter.    The proof
was that just before Randel reached the track (of which there

were several) he looked and saw that there was no flagman out. He then brought his horse, which was on a trot, to a walk, and just before going upon the tracks both looked and listened to ascertain whether there would be danger in crossing. He looked both up and down the railroad, but saw nothing moving. It was not until he got upon the track that the flagman, whose station was on the opposite side of the tracks from that from which Randel came, made his appearance. He came out of his house with his flag rolled up, and moved so slowly, unfurling it as he walked, that Randel thought he was getting ready to give warning for a switching train. Before the flagman got his flag unfurled, he cried out to the plaintiff to warn him of the approaching train, but it was too late. It is quite clear that upon this evidence there was no warrant for a judgment of non-suit on the ground of contributory negligence.

Error is assigned also upon the refusal of the judge to charge, as requested by the company's counsel, that there was no proof that the company was in default as to giving signals. The judge submitted it to the jury to say whether the mere ringing of the bell at the crossing where there were so many other noises and where the difficulty of seeing approaching trains was so great, was adequate warning on the part of the company. There was no error in the refusal to charge that under the circumstances the company had discharged its whole duty to those of the public who had occasion to cross the track at that place, merely by ringing the bell. The rule on the subject is laid down in *Pennsylvania R. R. Co.* v. *Matthews*, 7 *Vroom* 531, that where a railroad company has created extra danger it is bound to use extra precautions. And, it is added, that if the track is put in a position where the trains, when close to their transit over a public street or road, cannot be seen, that is an extra danger calling for more than the ordinary cautionary signals.

Nor was there error in the charge that it was the duty of the flagman to notify the traveler before he began to cross the tracks, and that if led by the absence of the flagman and the

Van Valkenbergh v. Paterson.

fact that he perceived no danger, the traveler drove upon the tracks, and after he got there the flagman appeared and warned him, but he misunderstood the warning, the fact that he so misunderstood it and went forward when he ought to have retreated, would not, under the circumstances, be attributable to him as negligence.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, PATERSON.    13.

*For reversal*—None.