ISAAC E. HIRES v. ATLANTIC CITY RAILROAD COMPANY.

Argued November 7, 1900—Decided February 25, 1901.

1. The conditions of this case were such as to warrant a jury in applying the rule, that if a steam railroad company creates extraordinary dangers at a highway crossing, it must use extra precautions to give notice of approaching trains.
2. The conditions of this case were not such as to require the trial justice or the jury to find that the plaintiff had been guilty of negligence contributing to the accident for which the suit was brought.

In tort. On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON and COLLINS.

For the plaintiff, *Howard Carrow.*

For the defendant, *Charles V. D. Joline* and *J. Willard Morgan.*

The opinion of the court was delivered by

DIXON, J. On June 22d, 1899, about ten o'clock in the morning, the plaintiff was driving in a loaded wagon with a

single horse upon the Egg Harbor road, in a direction nearly due north. Crossing that road runs the double-tracked railroad of the defendant, in a direction about north thirty-five degrees west. In attempting to cross the railroad at that point, the plaintiff's vehicle was struck by a train coming from the south on the easterly track at the rate of forty-five miles an hour. The present suit was brought to recover compensation for the injuries then sustained, and resulted at the Salem Circuit in a verdict for the plaintiff, which the defendant now seeks to set aside.

The defendant assigns in substance four reasons—*first,* that the trial justice permitted the jury to determine whether a greater duty rested on the defendant than that of giving the statutory signal by bell or whistle; *second,* that there was not sufficient evidence of the defendant's negligence; *third,* that plaintiff's contributory negligence was conclusively shown; and *fourth,* that the damages are excessive.

On the first point, the rule established in this state is that if a steam railroad company creates extraordinary dangers at a highway crossing, it must use extra precautions to give notice of approaching trains. *Pennsylvania Railroad Co.* v. *Matthews,* 7 · *Vroom* 531; *New York, Lake Erie and Western Railroad Co.* v. *Randel,* 18 *Id.* 144; *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342.

In the present case, the railroad was constructed in a cut twelve or fifteen feet deep, which partly concealed trains from travelers descending on the highway towards the track; on the angle lying between the railroad and highway toward the south grew underbrush and trees, which in June were thick with foliage; on the bank of the cut near the westerly side of the track, the company had placed piles· of ties four or five feet high; and as the track approached the crossing from the south, it curved from a northerly to a northwesterly direction. Because of these conditions, resulting from the location and construction of the tracks, and the use made by the company of the embankment, the view of approaching trains by persons traveling north on the highway was obstructed more than is usual at highway crossings, and, there-

fore, a proper case was presented for submitting to the jury the question whether the company owed to the public the duty of giving extra warning against danger.

Regarding the second point, our opinion on the first disposes of it, for it is not claimed that any extra warning was provided, and if the jury concluded that such a precaution was required, the defendant's negligence was established.

As to the plaintiff's negligence, we think it was for the jury to decide. He testified that he stopped his horse about twenty feet from the track, and looked in both directions and listened for trains, but saw and heard none, and then drove forward. Several other witnesses testified that the view from the highway was so obstructed that, until a driver's horse was very near the track, the driver could not see a train coming from the south until it was about three hundred feet from the crossing, a distance over which, on the occasion in question, the train would run in five or six seconds, while the plaintiff's horse was moving twenty or thirty feet. The station agent of the company also testified that when the plaintiff's horse had reached the westerly track, the train was not yet in sight around the curve, and that he then called to the plaintiff to hurry across, as he (the agent) knew the train was near. In opposition to this evidence, the defendant's surveyors testified that from points less advantageous than that where the plaintiff had stopped a train upon the track would be visible fifteen hundred feet from the crossing, but their observations were made when the underbrush and trees were stripped of foliage and the ties had been removed from the embankment. On this conflicting evidence the question of the plaintiff's negligence was necessarily for the jury.

Respecting damages: the plaintiff was fifty-six years of age; his business had been to drive a wagon and deliver goods for his employer, and only for some occupation of that character had he been qualified; his severer injuries were a fracture of the ribs, and a tearing of the periosteum near the ankle which had caused a growth upon the bone, as yet of doubtful character, and rendered walking painful; as a consequence, it was likely that he would suffer considerable dis-

comfort and be incapable of much physical exertion during the rest of his life. For this loss the jury awarded him $5,000. We think this sum does not exceed the limits within which the discretion of the jury should be confined.

There is no adequate cause for disturbing the verdict, and the rule must be discharged.

The same order is made in the case of the Charles E. Hires Company for the loss of property in the same accident.