MOLLIE E. JONES. DEFENDANT IN ERROR, v. PENNSYLVANIA RAILROAD COMPANY (IMPLEADED, &c.), PLAINTIFF IN ERROR.

Argued November 19, 1909—Decided February 28, 1910.

1. The duty imposed by law upon a railroad company to exercise care about warning travelers at a crossing, cannot be evaded by delegating its performance to others.

2. After the trial of an action of tort brought against two defendants, the jury, having retired to consider of their verdict, returned into court and delivered the verdict to the deputy clerk (the judge being absent). Being asked if they had agreed, they responded in the affirmative, and that the foreman would speak for them; the foreman then declared that the jury found the defendants guilty, and assessed the damages $3,000 against one defendant, and $3,000 against the other defendant (naming them) ; the deputy clerk thereupon said to the jury: "Gentlemen, hearken to your verdict as the court has ordered it recorded; you find the defendants (naming them) guilty, and assess the damages of the plaintiff at the sum of $6,000," and to this the jury all agreed.—*Held*, the assent of the jury to the statement of their verdict as formulated by the deputy clerk sufficiently showed that their assessment of damages was $6,000, and not $3,000, and warranted the entry of judgment against both defendants for the larger sum.

---

On error to Camden Circuit Court.

For the plaintiff in error, *Gaskill & Gaskill.*

For the defendant in error, *Wescott & Wescott.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.    The plaintiff, while riding as a passenger upon a street railway car in the city of Camden operated by the Public Service Corporation, was injured in a collision that occurred between that car and a railroad train operated by the Pennsylvania Railroad Company.    To recover her damages she sued both companies jointly.    The action resulted in a judgment in favor of the plaintiff and against both defendants.    The Pennsylvania Railroad Company alone prosecutes this writ of error.

The only questions raised are—*first*, whether the trial court erred in refusing motions for nonsuit and for direction of a verdict in favor of the plaintiff in error, and *second*, whether the court erred in refusing a motion subsequently made for arrest of judgment and award of a *venire de novo*, this motion being based upon an alleged irregularity in the taking and recording of the verdict.

The first question turns upon whether there was any evidence of negligence on the part of the plaintiff in error.    The bills of exception disclose that at the place in question the tracks of the Pennsylvania Railroad Company cross the street at grade, and that at the time of the collision this company was engaged in construction work preparatory to the elevation of its tracks.    The grade crossing was still in use, and was guarded by gates so far as the principal tracks were concerned.    But there was a temporary construction track that ran along outside of the gates and on that side from which the street car approached.    On each side of the crossing the retaining wall of the proposed railroad embankment had been constructed to a sufficient height, and near enough to the street railway tracks, to seriously interfere with the view of approaching railway trains by the motormen operating the street cars.

The negligence attributed to the plaintiff in error consisted in this, that a train was backed down along the construction track to and over the crossing without giving proper warning to travelers upon the street (including the motorman of the street railway car, in which plaintiff was riding), and

without guarding the construction track by gates or giving adequate danger signals.

The statute prescribes an audible signal, to be sounded by every engine approaching a grade crossing of a highway beginning at a distance of three hundred yards from the crossing. *Pamph. L.* 1903, *p.* 663, § 35. An audible signal of such duration was rendered impracticable by the fact that the train in question started from a point much less than three hundred yards from the crossing. But this fact, while not dispensing with the giving of such audible signal as was practicable in the circumstances, tended to show that some precaution besides an audible signal was called for. For this reason, and because the evidence warranted a finding that the railroad company had itself created a situation of extraordinary danger at this crossing, the jury might very reasonably conclude that the exercise of reasonable care for the safety of travelers upon the street required the railroad company to employ a flagman or install gates for the construction track. *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Vroom* 531; *Delaware, Lackawanna and Western Railroad Co.* v. *Shellon,* 26 *Id.* 342.

It appears that the plaintiff in error contented itself (so far as safeguarding the construction track was concerned) with contributing to the employment by the street railway company of a man (Carney by name) whose duty it was to signal to approaching street cars when danger was to be apprehended from an approaching railroad train. It is unnecessary to say that the fact that the railroad company employed such a man or contributed to his employment is not sufficient to exonerate that company. The duty of taking care to warn travelers at a railroad crossing is one that cannot be evaded by delegating its performance to others. See 1 *Thomp. Negl.,* § 665.

There was evidence from which the jury might reasonably infer that this employe was negligent; that although he gave a warning to the approaching street car, it was so tardily given as to be of no service.

Therefore, upon the evidence, negligence was attributable to

the railroad company in failing to exercise care to warn the motorman of the street car that the construction train was approaching, and this irrespective of whether the man Carney was properly to be deemed the agent of the railroad company.

The fact that the evidence tended clearly to show that the Public Service Corporation was likewise negligent, of course, does not debar the plaintiff her action.

It results that there was no error in refusing the motions for nonsuit and for direction of a verdict.

The sole remaining attack upon the judgment is rested upon the refusal of the motion made for arrest of judgment and award of a *venire de novo*. This motion was based upon the alleged ground that while the jury in fact rendered two verdicts, viz., one against each of the defendants and for $3,000 each, the deputy clerk of the court (who received the verdict in the absence of the judge) arbitrarily entered a joint verdict for $6,000 against both defendants.

Passing by the question (stirred, but not fully argued), whether the error alleged in this regard is reviewable by writ of error (see *Davis* v. *Township of Delaware*, 12 *Vroom* 55; 13 *Id.* 513, and cases cited), an examination of the bill of exceptions upon which the present attack is based convinces us that there was no judicial error in the refusal of the motion referred to.

The moving party (now plaintiff in error) undertook to show the facts upon which the motion was based, by evidence taken *viva voce* before the judge of the Circuit Court. From this evidence it appeared that at the conclusion of the trial the jury retired to consider of their verdict; that upon their return, the trial judge being absent, the deputy clerk proceeded to take the verdict; that he called the roll of jurymen and asked them if they had agreed upon the verdict, to which they responded in the affirmative, and said that the foreman would speak for them; the foreman, being asked, declared that the jury found the defendants guilty, and assessed the damages $3,000 against the Pennsylvania Railroad Company

and $3,000 against the Public Service Company; thereupon the clerk said to the jury: "Gentlemen, hearken to your verdict as the court has ordered it recorded; you find the defendants the Pennsylvania Railroad Company and the Public Service Corporation guilty, and assess the damages of the plaintiff at the sum of $6,000," and to this the jury all agreed, and the verdict was so recorded, and judgment rendered against the two defendants jointly for $6,000 damages.

It is clear, we think, that the court below properly held that the verdict as thus recorded was the verdict intended to be rendered and actually rendered by the jury. The function of the jury in such a case is twofold—*first,* to pass upon the issue, guilty or not guilty, and *secondly,* if they find the defendant or defendants guilty, they are to assess the damages of the plaintiff. It is no part of the jury's duty to apportion the damages as between two defendants in an action of tort. In the case at hand, therefore, the deputy clerk was confronted with the question whether by the utterance of the foreman it was intended to say that the damages were $3,000, or that the damages were $6,000, of which each defendant should pay $3,000. The query that he put and the assent of the jury to it sufficiently showed that their assessment of damages was $6,000 and not $3,000, and warranted the entry of the verdict and judgment accordingly.

No error being found, the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, CONGDON, JJ. 15.

*For reversal*—None.