JANE DANSKIN, ADMINISTRATRIX, &c., OF JAMES F. DANSKIN, DECEASED, PLAINTIFF IN ERROR, v. PENNSYLVANIA RAILROAD COMPANY AND THE NEW YORK AND LONG BRANCH RAILROAD COMPANY, DEFENDANTS IN ERROR.

Argued March 9, 1910—Decided June 20, 1910.

1. In an action to recover for the wrongful death of plaintiff's intestate, contributory negligence of the decedent is a matter of defence, and the plaintiff is not required to prove its absence, as a part of his case.

2. No presumption of negligence upon the part of the decedent arises from the mere occurrence of an accident at a railroad crossing. To justify a nonsuit, the contributory negligence of the decedent must clearly appear conclusively as a fact, or by necessary exclusive inference, from the plaintiff's proof.

3. Where the evidence, when the plaintiff rests, leaves the contributory negligence of the plaintiff's intestate in doubt, the determination of the question must be submitted to the jury.

On error to the Supreme Court.

For the plaintiff in error, *Charles E. Cook, Edmund Wilson* and *Gilbert Collins*.

For the defendants in error, *John S. Applegate & Son* and *Alan H. Strong*.

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment in favor of the defendants entered in the Supreme Court upon a nonsuit at the Monmouth circuit.

The action is brought by the administratrix of James F. Danskin to recover for the death of the latter in a collision with a train operated by the Pennsylvania Railroad Company on the railroad controlled by the New York and Long Branch Railroad Company at an unguarded double-track crossing at Belmar.

When the case was here before (47 *Vroom* 660) the plaintiff's judgment against both defendants was under review, and the decision then turned upon the propriety of the charge of the trial judge with respect to the alleged negligence of the New York and Long Branch Company.

The testimony taken at the trial now under review raised at least a jury question with respect to the negligence of the Pennsylvania Railroad Company, but the learned trial judge nonsuited the plaintiff upon the theory that contributory negligence upon the part of the decedent was clearly shown.

We are of the opinion that, under the evidence, the nonsuit cannot be justified either upon the ground taken by the trial judge or upon any other ground.

It was put by the judge upon the theory that the decedent failed in the performance of a plain duty to stop for the purpose of listening before passing the obstruction to his view, consisting of trees and overhanging branches, and while in a place of safety.

If the decedent was not negligent before he drove so far towards the tracks as to bring the train on the northbound track which struck him in view, no negligence can be imputed to him as a matter of law, for the testimony is to the effect that, by the time he cleared the woods so as to enable him to see an approaching train, his horse was on the first rail of the first or southbound track, and only about twelve feet from the northbound track. *Dobbs* v. *West Jersey and Seashore Railroad Co.*, 49 *Vroom* 679.

The defendants argue that, being unable to see an approaching train, the decedent was negligent in not stopping so as to make listening more effective before advancing from a place of safety. This argument is based upon the theory that the noise of decedent's horse and wagon trotting upon the gravel road tended to interfere with effective listening and the fact that the wind was blowing from a direction which tended to carry the sound of the approaching train away from the decedent.

Of course it was the duty of the decedent to look and listen before crossing the tracks, and, since the woods obstructed

his vision, it was his duty before advancing to use the means within control to render the act of listening reasonably effective. *Conkling* v. *Erie Railroad Co., 34 Vroom* 338; *Central Railroad Co.* v. *Smalley,* 32 *Id.* 277.

Assuming, but not deciding, that, under the circumstances of this case, the decedent was bound to stop to listen, still the nonsuit cannot be sustained because whether or not he did stop was not, under the evidence, a court question.

It is true that the plaintiff did not establish affirmatively that decedent stopped to listen. But this the plaintiff was not bound to do. *Consolidated Traction Co.* v. *Behr,* 30 *Vroom* 477. Contributory negligence is a matter of defence, and the plaintiff is not required to prove its absence, as a part of his case. *New Jersey Express Co.* v. *Nichols,* 4 *Id.* 434; *affirming* 3 *Id.* 166. No presumption of negligence upon the part of the decedent arises in such an action as the present one from the mere occurrence of the accident. *Pennsylvania Railroad Co.* v. *Middleton,* 28 *Id.* 154; *Durant* v. *Palmer, 5 Dutcher* 544. To justify the nonsuit, therefore, the contributory negligence of the decedent must clearly appear conclusively as a fact, or by necessary exclusive inference, from the plaintiff's proof. *Pennsylvania Railroad Co.* v. *Middleton, supra.*

According to the testimony two witnesses saw the accident. Both testify in effect that when the horse reached the first track it stopped because frightened, and notwithstanding the efforts of Mr. Danskin to hold him, plunged forward, drawing decedent in front of the approaching train. One of these witnesses did not see the horse and wagon until the horse was near to or upon the southbound track. At what point the other witness, Field, first saw the decedent's horse and wagon is a matter of doubtful inference, because his testimony with respect thereto is indefinite and conflicting. At one place he says "he was pretty close to the track when I first saw him." At another place in his testimony he says "he (Danskin) was standing up * * * sawing on the horse, when I first saw him. The horse's head was going like this, from back to forward (illustrating) like that, when I

first noticed him. Then I saw the collision." At still another place he testifies that the horse was trotting slowly and "when I saw it first it would have been further from the *westbound* track—maybe forty or fifty feet—coming along at that rate."

In view of the presumption of due care upon the part of the decedent, we are of the opinion that this evidence left the question of his contributory negligence in doubt, and, in such case, it was for the determination of the jury. *McLean* v. *Erie Railroad Co.,* 40 *Vroom* 57; *affirmed,* 41 *Id.* 337. The nonsuit was therefore erroneous.

This disposes of the only question argued before us, and we desire to be understood as expressing no opinion upon the liability of the New York and Long Branch Company under the evidence.

The judgment below will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, Congdon, JJ. 15.