GERALD F. JACOBSON, PLAINTIFF AND APPELLEE, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Submitted March 18, 1915—Decided July 2, 1915.

1. The plaintiff, on a clear dark night, was driving his Ford touring car 'on a public highway towards the defendant's railroad crossing at a speed of from twelve to fifteen miles an hour. He was familiar with the road and knew that the tracks were there. His automobile was equipped with electric headlights of ordinary brilliancy, and they were lighted. When about twenty feet away he observed something on the crossing. He could have stopped in from twelve to fifteen feet. He did not stop or slacken speed, but attempted to go around the obstruction. When he had gone five or six feet farther he put on his brakes, but nevertheless hit a freight car of the defendant's train which was momentarily standing on the crossing. The automobile was slightly injured by the impact. It appeared that the defendant had performed its statutory duty. There was no evidence that the defendant had created extraordinary danger at the crossing, nor of unreasonable operation of the train. *Held*, that there was no proof of negligence of the defendant which was the proximate cause of the injury, and that motions for nonsuit and for a direction of a verdict for the defendant should have been granted.

2. A transcript of the stenographic report of the proceedings and testimony certified by the judge of the District Court under chapter 138 of the laws of 1905, page 259 (*Comp. Stat.*, *p.* 1957, ¶ 135), although not transmitted to the clerk of the Supreme Court within fifteen days by the appellant, may be treated as a part of the state of the case when the appellee has made no objection to such state of the case under rule 155 of this court, and no preliminary motion to strike out such part of the state of the case has been made.

On appeal from the Second Judicial District Court of Bergen County.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellant, *George S. Hobart* (*Collins & Corbin* on the brief).

For the appellee, *Walter G. Winne* and *Randolph Perkins.*

The opinion of the court was delivered by

TRENCHARD, J.  The trial of this action resulted in a verdict for the plaintiff for an injury to his automobile.

The defendant company on this appeal complains of the denial of its motions for nonsuit and for the direction of a verdict in its favor.

We pause to remark that there is no merit in the contention of the appellee that we should not consider this appeal because the transcript of the stenographic report of the proceedings and testimony certified by the judge was not filed within fifteen days.  The rule is that such transcript, certified by the judge of the District Court under chapter 138 of the laws of 1905, page 259 (*Comp. Stat., p.* 1957, ¶ 135), although not transmitted to the clerk of the Supreme Court within fifteen days by the appellant, may be treated as a part of the state of the case when the appellee has made no objection to such state of the case under rule 155 of this court, and no preliminary motion to strike out such part of the state of the case has been made.  No such objection or motion was made in this case, and we shall therefore consider such statutory return.

We are thus brought to the merits of this controversy.

We are of the opinion that the motions for nonsuit and for the direction of a verdict for the defendant should have been granted.

The evidence, when both motions were denied, viewed in the light most favorable to the plaintiff, would have justified the jury in finding the following matters of fact:

The plaintiff, on a clear dark night, was driving his Ford touring car on a public highway towards the defendant's railroad crossing at a speed of from twelve to fifteen miles an hour.  He was familiar with the road and knew that the tracks were there.  His automobile was equipped with electric headlights of ordinary brilliancy, and they were lighted.  When he was twenty feet away he observed something on the crossing.  He could have stopped his automobile in

from twelve to fifteen feet, but thinking it was a van or wagon, he did not slacken speed or stop, but attempted to go around the obstruction. When he had gone five or six feet farther he put on the brakes but nevertheless hit a freight car of the defendant's train which was momentarily standing on the crossing. The automobile was slightly damaged by the impact. Immediately thereafter the train passed on.

The motions for nonsuit and for a direction in favor of the defendant were both grounded upon the reason, among others, that there was no proof of negligence upon the part of the defendant. We think such motions should have been granted for reasons we will now state.

To entitle the plaintiff to go to the jury it was of course essential that he should produce evidence tending to show that the defendant was negligent, and that its negligence was the proximate cause of the injury.

We fail to find such evidence. The plaintiff does not contend that the defendant was negligent in the performance of any statutory duty. It appeared that the defendant company maintained at the crossing a proper warning sign, "Look out for the Locomotive." Indeed the learned trial judge expressly charged the jury that the only statutory duty in the circumstances resting on the defendant had been performed. There was no evidence nor is it claimed that the defendant created extraordinary dangers at this crossing necessitating precautions other than those prescribed by the legislature. The plaintiff's automobile was not injured by being run into by the defendant's train, but by running into the defendant's car as it was standing momentarily on the crossing.

In the state of demand, and at the trial, and here, the plaintiff's theory of the defendant's liability was that it *negligently caused the train of freight cars to obstruct the public highway.*

It is true the freight car was on the crossing, but the defendant had a right to have it there. The company had as much right to have it there for a short period of time as the plaintiff had a right to pass over the crossing. There was no evidence tending to show that the defendant negligently

caused the freight car to obstruct the highway. The mere fact that it was on the crossing does not tend to show negligence. The defendant had a right, in the operation of its railroad, to have its cars pass over the crossing, and, incident to that right, it also had the right, in a reasonable and safe operation of the railroad, to stop its car for a reasonable length of time on the crossing. There was no evidence of unreasonable operation of the train. There was no evidence that it stood upon the crossing for an unreasonable period of time. On the contrary, the only legitimate inference from the evidence is that the stop was merely a momentary one. It cannot be said that it was the duty of the defendant, whenever it stopped its train momentarily, to have had some one get off of the train for the purpose of warning persons that it had stopped. If it be conceded that the defendant's trainmen were chargeable with knowledge that automobiles were frequently driven over the crossing in the evening, it must also be conceded that the trainmen were justified in acting upon the assumption that an automobile would not be unnecessarily driven into the side of their train. The plaintiff's automobile was equipped with electric headlights of ordinary brilliancy designed to enable the driver to avoid obstructions in the highway, and such lights were burning. It was a clear night. No doubt the headlights illuminated the highway for a considerable distance. The plaintiff saw the car when he was twenty feet away. Why he did not see it sooner does not appear. He was traveling at from twelve to fifteen miles an hour and could have stopped within fifteen feet. The only reasonable inference from the testimony is that the proximate cause of the collision was either the inattention of the plaintiff, or the failure of the brakes to work, or his failure to apply them quickly, or a combination of two or more of such causes. Of course no negligence of the defendant can be predicated upon any of these causes. While the question of proximate cause, including the question of the defendant's duty of anticipating or foreseeing that the result might naturally happen, is ordinarily one of fact for the jury, this rule is necessarily subject to the limitation

affecting the submission of all questions of fact to the jury: that if on the evidence reasonable men can come to only one conclusion there is no question for their decision. And when, as in this case, it cannot be said that the defendant was chargeable with knowledge that for some undisclosed cause an automobile driven at a reasonable speed, equipped with strong lights, was likely to run into its train while momentarily on the crossing, the jury is not permitted to find that the defendant's act, or omission to act, was the cause of the injury to the automobile.

Such was the conclusion reached by the Supreme Court of New Hampshire in a well-considered opinion in a case very similar in all its essential facts to the case at bar. *Gage* v. *Boston and M. R. R. Co.,* 90 *Atl. Rep.* (*N. H.*) 855.

The judgment below will be reversed and a *venire de novo* awarded.