ESSEX COUNTY CIRCUIT COURT.

JACOB KLEIN, ADMINISTRATOR, ETC., v. IRVING C. OFFEN.

Decided March 5, 1927.

**Negligence—Death of Pedestrian at a Crosswalk, Caused by an Automobile Driven by Defendant—Verdict For Defendant— On Plaintiff's Appeal, Court Reviewed Evidence and Held That the Verdict was Against the Clear Weight of the Evidence—Defendant Had Passed Another Car on the Other Car's Right—This Car was Standing to Let Pedestrians Pass.**

On plaintiff's rule to show cause why new trial should not be granted.

For the plaintiff, *William L. Greenbaum.*

For the defendant, *Samuel D. Williams.*

The opinion of the court was delivered by

SMITH, J. This is a rule to show cause why the verdict rendered for the defendant in a death case should not be set aside and a new trial granted, on the ground that the verdict is contrary to the weight of the evidence.

The deceased was crossing Clinton avenue, in the city of Newark, after dark, between five and six o'clock, on December 1st, 1925. It was raining and she was unaccompanied. The proof adduced by the plaintiff, roughly speaking, was to this effect: That the deceased was crossing at a crosswalk from the south to the north; that a trolley car coming from her right and going in a westerly direction slowed down to allow the deceased to pass; that next to the trolley car, and proceeding in the same direction, was a car driven by a witness by the name of Mintz, who stopped and allowed the deceased to proceed in front of him; that the defendant passed to the right of the witness Mintz, going at a faster rate of speed,

when Mintz slowed down and stopped; that the defendant proceeded and passed Mintz a distance of from twenty-five to thirty feet and struck the deceased with the front left side of his car, causing her death.

The defendant produced no witnesses to corroborate him as to the occurrence of the accident, and his testimony was to the effect that he had stopped with the traffic some distance before the scene of the accident; that he was traveling to the right of the Mintz car; that he did not look to the left when passing it, but looked to the front; that he felt a thump on the front of the left fender, but did not see the deceased before the impact, and was going slowly.

On behalf of the plaintiff it was claimed that deceased was crossing on a crosswalk from the end of Parkhurst street, which street does not continue north of Clinton avenue. The defendant does not fix the point of the accident, but says he did not get as far as Parkhurst street.

The presumption is that the deceased was in the exercise of due care. *Danskin* v. *Pennsylvania Railroad Co.*, *76 Atl. Rep.* 975. If she was not at the crosswalk, the rights of the deceased and of the defendant to use the highway were equal. The greater weight of the evidence was to the effect that deceased was crossing at a street intersection at or about the crosswalk. The defendant admitted hitting the deceased with the front of his car. He passed the Mintz car on its right, and it is not necessary, it seems to me, to decide whether or not under the circumstances it was a violation of the Traffic act, as reasonable care would certainly require that when passing a vehicle that was traveling on his left, the defendant should have made observation, which he admits that he did not do.

There is no evidence with which to charge the deceased with contributory negligence. The clear weight of the evidence is that the cause of death was the negligence of the defendant in failing to make observation to his left when passing the Mintz car, and that in the absence of negligence on deceased's part, it was the proximate cause of the death.

The rule to show cause will be made absolute as being contrary to the clear weight of the evidence.