ROSE TOTA, ADMINISTRATRIX, ETC., APPELLANT, v. PENNSYLVANIA RAILROAD COMPANY ET AL., RESPONDENTS.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Alexander Simpson.*

For the respondent Pennsylvania Railroad Company, *John S. Applegate & Son.*

The opinion of the court was delivered by

PARKER, J. Plaintiff's intestate was killed at a railroad crossing of the New York and Long Branch railroad, March 12th, 1925, at about sunset, while riding in a motor truck and in the act of crossing the railroad tracks from east to west. The truck was struck by a train of the defendant Pennsylvania Railroad Company proceeding from north to south, and on the second of three tracks which the truck was in the act of crossing. Plaintiff joined as defendants the Central Railroad Company of New Jersey, as to which a nonsuit was entered without objection; the New York and Long Branch Railroad Company, owner of the right of way, as to which a nonsuit was entered and excepted to, but not brought here for review, and the Pennsylvania Railroad Company, operating the train in question, as to which the case proceeded to a verdict. The jury found for the defendant, and the error claimed is the action of the trial judge in limiting the jury

to the consideration of the question whether the statutory signals by bell or whistle were or were not given.

The crossing was an open grade crossing without gates, flagman, signal bell or other appliance, situate a few hundred yards from the Haslet station in Monmouth county. The complaint alleged negligence not only in failing to give the statutory signals, but in failing to have safety gates or a flagman, and maintaining "said crossing in such a manner with permanent obstructions so that the vision of those approaching the crossing was obstructed until they were practically upon said crossing." Much of the testimony at the trial related to the conditions at the crossing. The judge, in charging the jury, removed from their consideration the question whether any precautions beyond the statutory signals were required. He said: "You have nothing to do with gates, nothing to do with signal bell, nothing to do about a gateman or flagman; if they gave the statutory signals, then there can be no recovery." This is assigned as error, the plaintiff maintaining that the matter of providing gates, &c., should have been left to the jury.

An examination of the evidence satisfies us that the trial judge properly considered the point as one for his own determination. On the easterly side of the tracks, from which side the truck was approaching, the ground is almost absolutely flat and flush with the tracks. To the right or north the view is absolutely unobstructed for at least fifty feet from the nearest rail. The fatal train came from the north, and on the second of three tracks. To the left or south the ground rises slightly above the level of the road, about six feet in all, by no means high enough to cut off the view of a train from the driver of an ordinary motor truck. There is no other obstruction to the view except a flagman's shanty (used in the summer time), which is twenty-four feet from the nearest rail; and some distance away a block signal pole. In general, the crossing from the east may fairly be described as an unusually open one, and this is demonstrated by the photographs introduced in evidence by the plaintiff.

The rule laid down in *Pennsylvania Railroad Co. v. Mat-*

*thews,* 36 *N. J. L.* 531, has been many times applied in the later cases. As remarked by Chief Justice Beasley (at *p.* 535), "it will, obviously, be very much under the control of the court." In that case the conditions were a deep cut, a curve, and two small buildings cutting off much of this restricted view. In *Delaware, Lackawanna and Western Railroad Co.* v. *Shellon,* 55 *Id.* 342, and *Hires* v. *Atlantic City Railroad Co.,* 66 *Id.* 30, the conditions were substantially similar, and it was held that the obligation to take extra precautions was properly left to the jury. In *Kyle* v. *Lehigh Valley Railroad Co.,* 81 *Id.* 186, in the Supreme Court, the question was said to be "not alone whether new elements of danger have been added by the railroad to those that previously existed at a crossing, but whether the danger of crossing the railroad has been so increased that the statutory signals no longer afford protection to a prudent public." That case has not been overruled, and was cited with approval in *Ross* v. *Director General,* 94 *Id.* (at *p.* 300), and relied on in the two recent cases of *Grover* v. *New York, Susquehanna and Western Railroad Co.,* 1 *N. J. Mis. R.* 517, and *Molyneux* v. *Same, Id.* 535, in both of which the Supreme Court held it was error to leave the question of extraordinary danger to the jury.

Testing this case by the rule to be deduced from the decisions, we are satisfied that the evidence totally failed to show such conditions as to require extra precautions or even to require the submission of that matter to the jury. Hence, there was no error in the instruction challenged on this appeal, and the judgment, will, accordingly, be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.