THOMAS McMICHAEL, APPELLANT, v. HARRY HORAY ET AL., RESPONDENTS.

Submitted December 11, 1916—Decided March 5, 1917.

1. Where one party recovers judgment against another and the defeated litigant commences suit against his adversary for damages for an alleged conspiracy, and the procuring of false testimony to be given, in the very suit in which the recovery was had, these matters, having been available as defences in the suit and on rule to show cause why a new trial should not be granted, cannot be made the basis of recovery—the doctrine of *res adjudicata* being applicable.

2. A court of appeals need not, but may, decide questions on a record before it which were not raised in a court below; and it is the constant practice of appellate courts to notice and decide on questions of jurisdiction and public policy, without those questions having been raised below.

3. A court of appeals may affirm a judgment, on ground other than that upon which the decision was rested in the court below, if the decision be correct.

On appeal from the Supreme Court.

For the respondents, *Scovel & Harding*.

For the appellant, *Jess & Rogers*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The respondents, Harry Horay, Joseph G. Moore and John M. Barefoot, brought suits in the Camden District Court against the appellant for damages sustained as a result of the trespass of appellant's cattle upon their respective lands. The suits were brought at the same time, tried together before one jury, which returned a verdict against the plaintiff in the sum of $600, of which $300 was apportioned to Horay and $150 each to Barefoot and Moore. The District Court denied appellant's application for a new trial, but reduced the amount of the verdict from $600 to $500, and executions were issued upon the

judgments which the appellant sought unsuccessfully to restrain by injunction out of the Court of Chancery. Upon filing the bill in that court, an order was made upon the respondents to show cause why an injunction should not be issued with an *ad interim* stay, and, upon hearing, an order was made for the issuance of an injunction *pendente lite.* The appellant, defendant in the executions, applied for new trials of the cases in the Camden District Court, which court denied the application. The appellant had instituted a suit at law in the Camden Circuit Court against the respondents for damages for an alleged conspiracy in bringing their suits in the Camden District Court against the appellant for damages alleged to have been sustained by them as a result of the trespass of appellant's cattle (which was the gravamen of their suits against him) by grossly exaggerating their losses and procuring false testimony to be given to secure recovery of excessive damages. The suit for damages for fraud and conspiracy, in which appellant, defendant in the executions, hoped to recover judgment against the respondents and set it off against their judgments, was nonsuited in the Camden Circuit Court, and a motion to vacate the nonsuit was subsequently denied. Application was then made to the Court of Chancery to dissolve the injunction, which was granted, and the appellant appealed to this court, and moved in the Court of Chancery for a stay of its order dissolving the injunction, pending appeal. That court granted the stay until application could be made to this court for that purpose. On such application this court held that by applying to the law courts—*first,* to the District Court for new trials of the suits there, and *secondly,* to the Circuit Court to vacate its judgment of nonsuit, appellant must be held to have elected to stand upon his legal remedy, and should abide the result, and denied the motion for a stay pending appeal, which appeal has never been brought to hearing. See *McMichael* v. *Barefoot, 85 N. J. Eq.* 139.

The appellant, after moving for the stay in this court, brought suit against the same defendants in the Supreme Court, grounded upon the same matter that was his cause for

action in the Circuit Court, in which he had been nonsuited. On moving the Supreme Court suit at the Camden Circuit, plaintiff was nonsuited upon the opening of his counsel upon the ground, as the trial judge put it, that no facts were stated from which an innocent motive could not be as readily inferred as any other, and that the facts expected to be proven were insufficient to sustain an action of the character stated in the complaint.

The thing most prominently appearing upon the state of the record before us is that the appellant is precluded from recovery by estoppel of record, that is, by the judgments recovered against him in the three suits by the respondents in the Camden District Court. These judgments operate to defeat the appellant's present suit *res judicata.* It is true. that the respondents' suits against the appellant were for damages for trespass, and that appellant's present suit against respondents is for damages for alleged conspiracy, and the procuring of false testimony to be given in the very suit in which the recovery by the respondents against the appellant was had. These matters alleged and relied upon by the appellant were available to him as defences in the trespass suits brought by the respondents. It may be that he was surprised by the testimony on the trial. If so, that fact could be availed of on a motion for a new trial, and, in fact, as we have seen, a motion for a new trial was made and denied.

Vice Chancellor Van Fleet, in *City of Paterson* v. *Baker,* 51 N. J. Eq. 49, quoting from *Cromwell* v. *Sac County,* 94 U. S. 351, said (at p. 53 of 51 N. J. Eq.) that parties and those in privity with them are concluded, not only as to every matter offered and received to sustain or defeat the demand, but as to any other admissible matter which might have been offered for that purpose; for example, a judgment rendered upon a promissory note is conclusive as to its validity and the amount due upon it, although it be subsequently alleged that perfect defences actually existed, of which no proof was offered, such as forgery, &c. Again, the

same vice chancellor, in the same case, quoting from *Beloit v. Morgan,* 7 *Wall.* 619, said (at *p.* 56 of 51 *N. J. Eq.*) that the judgment of a court having jurisdiction of the parties' and the subject-matter of the suit is conclusive, not only as to the *res* of that case, but as to all further litigation between the same parties touching the same subject-matter, though the *res* itself may be different. The doctrine of the City of Paterson *v.* Baker was approved by the Court of Errors and Appeals in *In re Walsh's Estate,* 80 *N. J. Eq.* 565, 569, 570.

It is true that the judgments recovered by the respondents against the appellant in the Camden District Court were not pleaded as estoppel in bar to the appellant's action against them in the Supreme Court, the judgment of nonsuit in which is now being reviewed.

This court held in *State* v. *Heyer,* 89 *N. J. L.* 187, that a question not presented and argued in the court below will be held to have been waived and abandoned, and will not be considered in an appellate tribunal! But this must be read in the light of our holding in *State* v. *Shupe,* 88 *Id.* 610, where it was decided that a court of last resort need not hear a party on a question which could have been, but was not, raised in an intermediate court of appeal, except where the question goes to the jurisdiction of the subject-matter or where a question of public policy is involved. The true doctrine is that a court of appeals need not, not that it cannot, decide a question arising on a record before it, which was not raised in a court below, whether that court be an intermediate court of appeals or a court of first instance; and it is the constant practice of appellate courts to notice and decide questions of jurisdiction, and especially questions of public policy, residing in records before them, without those questions having been raised below.

The doctrine of *res judicata* is one of public policy. On this phase of the question Vice Chancellor Van Fleet remarked in *City of Paterson* v. *Baker, supra* (at *p.* 59 of 51 *N. J. Eq.*) :

"The doctrine under consideration is not a mere rule of procedure, limited in its operation, and only to be enforced in cases where a defeated suitor attempts to litigate anew a question once heard and decided against him, but a rule of justice, unlimited in its operation, which must be enforced whenever its enforcement is necessary for the protection and security of rights and for the preservation and repose of society."

In the case before us the motion to nonsuit was not made upon the ground of estoppel by record, nor were the judgments pleaded as *res judicata*, nor was the nonsuit granted for that reason; but that makes no difference, as a judgment entered upon a·nonsuit directed by the trial judge, and brought up for review, will be affirmed if correct on any legal ground, although the reason given by the court below is erroneous. *Gillespie v. J. W. Ferguson Co.*, 78 N. J. L. 470. We have not considered, and therefore do not decide, whether the ground upon which the trial judge rested the motion to nonsuit is tenable or untenable. We prefer to put our decision upon the ground of public policy, which, for the repose of society, decrees that judgments rendered by competent tribunals, having jurisdiction of the subject-matter and the parties, shall be forever at rest. ·

The judgment under review must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.