IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1923.

---

NICHOLAS FARAGASSO, ADMINISTRATOR, RESPONDENT,
v. JOSEPH INTROCASO ET AL., APPELLANTS.

Submitted December 7, 1922—Decided July 31, 1923.

Where a rule to show cause why a verdict should not be set aside is allowed, with certain exceptions reserved, and the party obtaining the rule specifies, as his reasons for asking that it be made absolute, the matters upon which the reserved exceptions are based, and, upon the return of the rule argues those matters with the permission of the court, and the court afterward considers and determines them, the exceptions are to be considered as having been abandoned with the approval of the court, and the right to have them reviewed by an appellate tribunal is lost.

---

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellants, *Herbert Clark Gilson.*

For the respondent, *Thomas J. Stanton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case sued to recover for the death of his son, a boy seven years old, who was run down and killed by the defendants' automobile while crossing Newark avenue, in the city of Jersey City. The trial resulted in a verdict in his favor. A rule was subsequently applied for and allowed the defendants, requiring the plaintiff to show cause why that verdict should not be set aside; reserving, however, the exceptions taken to the rulings of the trial court in refusing to order a nonsuit or to direct a verdict in favor of the defendants. Notwithstanding this reservation, however, the prosecutors, upon the return of the rule, specified, as the sole grounds for making it absolute, the two matters which were reserved, relying upon them as justifying their contention that the verdict should be set aside. After the hearing of argument upon and a consideration of these matters, the Circuit Court concluded that each of its rulings, i. e., the refusal to nonsuit and the refusal to direct, was proper, and, as the result of this conclusion, discharged the rule to show cause. The prosecutors thereupon appeal to this court, and now seek a reversal of the judgment entered upon the verdict, relying upon the exceptions reserved, notwithstanding that they present the very matters decided by the trial court in dismissing the rule to show cause.

For this court to hear and determine the validity of the exceptions reserved, after they have been considered and determined by the Circuit Court on the rule to show cause, would be, in effect, to review the action of that court in discharging the rule. That such judicial action by the trial court is not directly reviewable on error has been so frequently declared by our courts that citation of authority for the proposition is unnecessary. Can it be thus reviewed by indirection?

The design of the party applying for the rule, in asking a reservation of exceptions, and of the trial court, in directing that they be reserved, as is pointed out in the case of *Ash-*

*hurst* v. *Atlantic Coast Electric Railroad Co.,* 66 *N. J. L.* 16, is that the questions raised by the exceptions should be heard and decided in a court of review; and it was consequently there held that, so long as the reservations stand, the questions presented thereby should not be considered and passed upon in determining whether a rule to show cause should be made absolute or should be discharged. The case of *Holler* v. *Ross,* 67 *N. J. L.* 60, is to the same effect; the court there declaring that the principle was applicable to cases arising in our Circuit Courts, as well as to those arising in this court.

But, as was indicated in *Gregutis* v. *Steinberg,* 97 *Id.* 1, the prosecutor of the rule may afterward abandon his design and waive the reservation of his exceptions—with the permission, of course, of the court allowing the rule—if he considers it advisable to do so; and may submit to that court the consideration and determination of the matters involved in the exceptions, instead of presenting them to the court of review. When, therefore, the prosecutor of the rule, with full knowledge that so long as the reservation of exceptions stands the matters embraced therein will not be permitted to be considered and decided by the trial court upon the return of the rule, argues those matters, and the trial court, with the same knowledge, hears the argument and considers and decides them, the necessary implication is that the purpose of having these matters decided by a court of review has been abandoned by the prosecutor, with the approval of the court, in order that the rule to show cause should be dealt with as if the same had been originally allowed without any exceptions reserved.

The prosecutors in the present case having elected to abandon their exceptions, and the trial court having ratified that election, their right of appeal was thereby destroyed, and the appeal sued out by them must, therefore, be dismissed.