DANIEL H. ATKINS, PLAINTIFF-RESPONDENT, v. WALTER WELLMAN, DEFENDANT-APPELLANT.

Submitted November term, 1923—Decided March 27, 1924.

**Malicious Prosecution—Supreme Court Cannot Hear and Determine Validity of Exceptions Reserved to a Verdict, After They Have Been Determined by Trial Court on Rule to Show Cause.**

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *John O. Totten, Jr.*

For the respondent, *DeTurk & West.*

PER CURIAM.

This suit was brought to recover damages for malicious prosecution. The trial resulted in a verdict for the plaintiff for $2,500. Thereupon a rule to show cause why the verdict should not be set aside was granted by the trial judge, reserving exceptions. The defendant wrote down nine reasons for a new trial, and upon the defendant's counter-claim two reasons. When discharging the rule, the record shows, at page 266, that Judge Newman, the trial judge, in a memorandum filed by him, considered all these reasons, and reduced the verdict to $1,500. On the appeal the defendant filed eighteen grounds of appeal, which are argued in the brief under two heads, point one and point two. These were considered with the reasons and acted upon by Judge Newman on the rule to show cause. This disposes of the case on appeal under the case of *Faragasso* v. *Introcasso,* 121 *Atl. Rep.* 773, which holds the Supreme Court cannot hear and determine the validity of exceptions reserved to a verdict, after they have been considered and determined by the trial court on the rule to show cause why the verdict should not be set aside. So, too, *Goeckel* v. *Erie H. R. Co., No.* 18, *November Term Supreme Court,* 1923.

The judgment is therefore affirmed, with costs.