FRED GOEKEL AND SAMUEL SAVAGE, RESPONDENTS, v.
ERIE RAILROAD COMPANY, APPELLANT.

Argued May 27, 1924—Decided October 20, 1924.

1. Where a party obtains a rule to show cause why a verdict should
   not be set aside and a new trial granted, reserving exceptions,
   and afterwards files reasons upon which the motion for a new
   trial is rested, included in which are the reserved exceptions and
   also errors in the *record*, and, after hearing, the trial court dis-
   charges the rule, *error on the record* could not thereafter be made
   a ground of review in an appellate court, as all reasons in sup-
   port of the rule are, as an effect of the order discharging it, *res
   adjudicata*. .
2. In a suit against a railroad company, and its locomotive engi-
   neer, for damages for injuries sustained by plaintiffs by being
   collided with by a train of the railroad company on a highway
   crossing, and the verdict is in favor of the plaintiffs against
   the railroad company and in favor of the defendant engineer
   against the plaintiffs, the judgment entered thereon is not error
   on the face of the record, where the *duty* of care and *performance*
   on the part of each was not identically the same, those of the
   railroad being more, and to an extent different from, those on
   the part of the engineer; therefore, the railroad company could
   lawfully be found guilty, and the engineer not guilty, of the tort.
3. Although two defendants are sued as for a joint tort, yet if the
   jury negative the negligence charged against one, a verdict against

279

the other is not objectionable; but whether so in a case where *respondeat superior* applies and the master is responsible for the particular act of negligence of the servant, where both or neither would be liable, *quære*.

4. Error may be assigned *on the record* after rule to show cause allowed and disposed of, provided that the particular error has not been made a ground for setting aside the verdict on rule to show cause.

On appeal from the Supreme Court.

For the appellant, *Parker, Emery & Van Riper.*

For the respondents, *Kalisch & Kalisch.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action by the plaintiffs in the Essex Common Pleas against the Erie Railroad Company and Herbert E. Weyant, its locomotive engineer, to recover for personal injuries sustained by each of the plaintiffs by being collided with by a train of the railroad company while the plaintiffs were in an automobile truck crossing the railroad tracks on a highway at grade, and plaintiff Goekel also sued for damages for injury to the truck, which was owned by him. The verdict was in favor of both plaintiffs against the railroad company, and in favor of the defendant, Weyant, against both plaintiffs. The defendant railroad company applied for and obtained a rule to show cause why the verdict should not be set aside and a new trial granted, reserving three certain exceptions, but afterwards filed twenty-nine reasons upon which it rested the motion for a new trial, and included in them were each and every one of the reserved exception, and also the following: (6) Because said verdicts in favor of plaintiffs are contrary to law, and (8) because the jury found for the plaintiffs against the defendant, Erie Railroad Company, and in favor of the defendant, Weyant, whereas they should have found verdicts for both defendants, since it appeared from the verdict of the jury that the defendant, Herbert E. Weyant, was not guilty of negligence, and the verdicts against the defendant, Erie

Railroad Company, are contrary to the weight of the evidence, to the charge of the court, and are contrary to law. After hearing, the trial court entered an order which recited the appearance of counsel for both sides, argument on the rule to show cause, and that, having duly considered the same, it was ordered that the rule to show cause be discharged. No opinion was filed by the court, but it is to be presumed that each and every reason was argued, and, whether so or not, all the reasons in support of the rule, as an effect of the order, are *res judicata*. *McMichael* v. *Horay*, 90 *N. J. L.* 142. An application was then made for a rehearing on the rule to show cause, which was denied; but that is unimportant.

The Supreme Court in its *per curiam* properly held that the reserved exceptions were all covered in the reasons filed for a new trial under the rule to show cause, and that that was dispositive of the case on appeal under *Faragasso* v. *Introcaso*, 98 *N. J. L.* 583, which holds that the Supreme Court cannot hear and determine the validity of exceptions reserved after they have been considered and determined by the trial court on a rule to show cause why a verdict should not be set aside, and the judgment was therefore affirmed. And in the later case of *Atkins* v. *Wellman*, 2 *N. J. Mis. R.* 282, in the Supreme Court on appeal, it appeared that there had been a rule to show cause reserving exceptions, but the grounds of appeal were considered with the reasons acted upon by the trial judge on the rule to show cause. And the Supreme Court held that this was dispositive of the case on appeal under the doctrine of *Faragasso* v. *Introcaso, supra*, and cited the Supreme Court's opinion in the instant case (*Goeckel* v. *Erie Railroad Co.*, 2 *N. J. Mis. R.* 144) on that question.

However, defendant-appellant contends here, on this appeal, that as judgment was rendered in favor of the engineer, Weyant, but against his employer, the Erie Railroad Company, and as Weyant, the engineer, stands exonerated from all negligence in operating and managing the engine, therefore the railroad company is not responsible for his

negligent acts or omissions, upon the doctrine of *respondeat superior,* and, the servant being exonerated, the judgment against his employer, based upon the same acts or omissions, is without legal foundation, and should be reversed. But this is only available to the defendant railroad company, if at all, on error assigned upon the record, assuming that the alleged error resides in the record. Error in law on the record is not the subject of exception at the trial, and, therefore, is not waived by the obtaining of a rule to show cause without reservation of exceptions.

The ground of appeal in this cause in this court is that the Supreme Court erred in its judgment of affirmance. This is proper, and that takes us back to the grounds of appeal (errors assigned) in the Supreme Court, among which were (2) the court erred in giving judgment for plaintiffs against defendant railroad company; (10) because the judgment in favor of Weyant against both plaintiffs established that he was not guilty of negligence, and as he was the servant of the defendant railroad company the judgments ought by the law of the land to have been in favor of that company, and (11) because the judgment in favor of Weyant established that he was not guilty of negligence, and that plaintiffs, and each of them, were guilty of contributory negligence, and the judgment in favor of the plaintiffs and against the defendant railroad company is erroneous and illegal.

These grounds of appeal raised the question of the legality of the judgments in law against the railroad company in the face of the judgment exonerating its engineer and servant, Weyant, and called for decision in the Supreme Court, were it not for the fact that these very questions were submitted to the trial judge on the rule to show cause, they being reasons 6 and 8 on the rule above stated. This last reason (8) appears not to have been available in the Supreme Court, because it not only counts upon error in the judgment as matter of law, but admixes with it questions of the verdict being contrary to the weight of the evidence and charge of the court, which is no proper assignment of error on the record. However, reason 6 on the rule to show cause, that

the verdicts in favor of the plaintiffs are contrary to law, raised the question. *Driscoll* v. *Carlin*, 50 *N. J. L.* 28.

Although it is true that where the duties of two joint tort-feasors are diverse, and the neglect to perform each is separate and disconnected, if the wrong-doing of one unites with that of the other in causing injury, the tort is joint, and one or both may be sued; yet, if the jury negative the negligence charged against one, a verdict against the other is not objectionable. *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.*, 56 *N. J. L.* 34. That is this case. Here the two defendants were charged with jointly committing a tort, where their duties were, to an extent, at least, diverse and disconnected, and, therefore, a verdict absolving one and holding the other, is unobjectionable. The declaration set out a good cause of action against each defendant, as hereafter particularly set forth, and there can be no doubt that in such a situation one defendant may be held alone if the proof justify it. Matthews case (at *p.* 37). And it must be assumed that the proof did justify it, for, on appeal, we are not concerned with the evidence. To support the verdicts it is only necessary to find that they were justified strictly on the record, and such is the case. In the Matthews case a steam railroad company and a street railway company were sued, and the verdict was in favor of the railway company and against the railroad company. The railroad company obtained a rule to show cause why a verdict should not be set aside, and the plaintiff obtained a rule to show cause why the verdict in favor of the railway company should not be set aside. The rules were consolidated and certified to the Supreme Court for its advisory opinion, and the Circuit Court was advised to discharge both rules. It was because that case was on rule to show cause, that Mr. Justice Magie, writing the opinion, said (at *p.* 37) that one defendant might alone be held liable if the *proofs* justified it.

It may be that where two are sued as joint tort-feasors, and the doctrine *respondeat superior* applies, and the duty of care is identical in the case of each defendant, as, for instance, where the servant is driving the motor car of his master in

the latter's business and carelessly and negligently collides with a third person, causing damage, the master being responsible for the servant's act, is liable, as well as the servant; but where the master has some duty of care imposed upon him, which is not cast upon the servant, and the accident happened by the neglect of the master to perform his duty, disassociated from neglect of the servant to perform any duty resting upon him, a verdict in favor of the servant, and against the master, would be valid, and a judgment entered thereon would be good in law. To illustrate: The master might send a servant on an errand with a motor car of which the mechanism was known to the former to be defective, but not so known to the servant, and an accident happens by reason of such defect, without any fault of the servant. In such a case the servant should be exonerated, and the master held.

It here becomes pertinent to inquire what are the allegations of negligence in the complaint, and are they the same against both defendants? These allegations are contained in the first count of the complaint, paragraphs 3 and 4: "(3) The said defendants did so carelessly, negligently and improperly operate, manage and propel one of defendant, Erie Railroad Company's, locomotive engines; that it ran into and struck with great violence, at said Fairview avenue, a certain auto truck which was being driven over said crossing and in which said auto truck both plaintiffs were lawfully riding, by means, whereof," &c.; and "(4) The negligence of the said defendant, Erie Railroad Company, consisted in · [a] Employing and retaining in service careless, imprudent and unskillful persons to manage and operate said certain locomotive engine; [b] failure of said defendants to give any statutory signal of the approach of said locomotive engine; [c] failure of the defendants to give timely warning of the approach of said locomotive engine, which, under the circumstances and in the exercise of due care, should have been given; [d] failure to properly guard the said crossing; [e] under the circumstances operating its train at an excessive rate of speed; [f] failure to maintain its tracks and roadbed

in a proper and safe condition so as to permit said locomotive engine to be safely operated and kept under proper control."

The defendants denied each and every averment against them in the complaint, and the trial proceeded on the issues thus raised.

Paragraph 4 (subdivision a)—employing and retaining in service careless, imprudent and unskilled persons to manage and operate the locomotive engine, is only leveled against the defendant railroad company, and not against defendant Weyant, as it is not averred that he had any duty in that regard; (b) failure of said defendants to give any statutory signal of the approach of said locomotive engine does not apply to defendant Weyant, as no such duty is imposed upon him by statute; (c) the duty of each defendant to give warning of the approach of the engine cannot be the same on the part of both, as the railroad company is charged with the statutory duty of having the bell rung or the whistle sounded, and there is no averment that that duty was imposed upon the engineer by any rule or custom of the company; (d) to guard the crossing is no duty imposed by law upon the engineer, and, as in the case of giving warning of approach, there is no averment of any duty in that regard imposed upon the engineer by rule; (e) operating the train at an excessive rate of speed doubtless does apply to the engineer as well as to his employer, the railroad company; (f) failure to maintain its tracks and roadbed in a proper and safe condition so as to permit the locomotive engine to be safely operated and kept under proper control, certainly does not count on negligence by the engineer, as it is not averred that he had any duty in that regard.

Therefore, it appears on the face of the complaint that the negligent acts charged against the railroad company in addition to, and aside from, those charged against both it and its engineer were: (a) Employing and retaining in service careless, imprudent and unskillful persons; (b) failure to give the statutory signals of approach; (d) failure to guard the crossing; (f) failure to maintain tracks and roadbed in

a proper and safe condition so as to permit the locomotive engine to be safely operated and kept under proper control.

This being the situation, it was permissible for the jury to find that the engineer was not guilty (paragraph 3) of carelessly, negligently and improperly operating, managing and propelling the engine (paragraph 4, subdivision c), of failing to give timely warning of the approach of the engine (whatever in that regard may have been required of him, if anything, in the absence of having the duty imposed upon him of giving the statutory signals). And yet it was open to the jury to find that the railroad company was guilty of (a) employing and retaining in service careless, imprudent and unskillful persons to manage and operate its engine; (b) failure to give any statutory signal of the approach of the engine; (c) failure to cause timely warning of the approach of the locomotive; (d) failure to properly guard the crossing; (f) failure to maintain its tracks and roadbed in a proper and safe condition.

Therefore, it appears that the judgment for the plaintiffs against the railroad company and in favor of Weyant against the plaintiffs, was and is legally supportable.

Errors in law *on the record* are either common or special. Common errors are that the declaration is insufficient in law to maintain the action, and that judgment was given for plaintiff instead of defendant, or *vice versa.* Special errors are want of original writ or warrant of attorney (both obsolete with us), or any matter appearing on the face of the record, which shows the judgment to be erroneous. 1 *Arch. Pr.* 226, 227; 2 *Tidd Pr.* *1169. Under an assignment of such errors this court will not reverse a judgment except for error manifest in the record. *Loper* v. *Somers,* 71 *N. J. L.* 657.

This is not a case of insufficient declaration, but is one of matter appearing on the face of the record, which is said to show that judgment to be erroneous, namely, that the judgment against the defendant railroad company on the pleadings is inconsistent and void; but, as shown above, it was open to the jury to find as they did, and the judgment en-

tered on their verdict is legal. Therefore, this is no error manifest in the record.

But assuming that this ground of appeal was error in the record, which is distinct from error assigned on exception taken at the trial, then the doctrine of *Faragasso* v. *Introcaso, supra,* that when the prosecutor of a rule to show cause why a verdict should not be set aside, with full knowledge that, so long as reservation of exceptions to the verdict stands, the matter embraced therein will not be considered and decided by the trial court, argues those very matters, and the court, with the same knowledge, hears the argument and decides the matter residing in the reserved exceptions, the implication is that the purpose of having them decided by a court of review has been abandoned by the prosecutor, with the court's approval, so that the rule should be dealt with as though allowed without exceptions reserved, applies equally to a cause such as this, where on the argument of a rule to show cause in the trial court the prosecutor assigns as a reason for setting aside the verdict and granting a new trial, *error in law on the record* (which the law itself reserves to him without action of the trial court), and operates to deprive him of reviewing that error on appeal, the same as he is deprived of reviewing errors on exceptions in an appellate tribunal when he has submitted them to the trial court on rule to show cause. In other words, he cannot have a dual review of precisely the same question.

This is not in conflict with *Consolidated Traction Co.* v. *Whelan,* 60 *N. J. L.* 154, or *Hanson* v. *DeVila,* 76 *Id.* 96. While in the Whelan case it was held that the allowance of a rule to show cause does not prevent assignment of errors upon the record, and in the Hansen case that after allowance of a rule to show cause without reserving exceptions, only common errors appearing upon the record are assignable, neither of these cases hold that if error on the record be made a reason for a new trial on rule to show cause, it could afterwards be assigned in an appellate court. Nor could such a thing be lawfully done. The broad principle is, that whatever question—whether one residing in the

strict record or in reserved exceptions taken on the trial—which is made a reason for setting aside the verdict, becomes definitively settled by the decision on the rule in the trial court, and cannot afterwards be made the subject of review on appeal.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN-BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.

*For reversal*—None.