GERARD PUORRO, PLAINTIFF-RESPONDENT, v. THOMAS KASKENAS AND TONY COLLITO, DEFENDANTS-APPELLANTS.

VITO ABBATTCOLO, PLAINTIFF-RESPONDENT, v. THOMAS KASKENAS AND TONY COLLITO, DEFENDANTS-APPELLANTS.

CARMELO RACHIELE, PLAINTIFF-RESPONDENT, v. THOMAS KASKENAS AND TONY COLLITO, DEFENDANTS-APPELLANTS.

VINCENZO PENTIMONE, PLAINTIFF-RESPONDENT, v. TONY COLLITO, ANTHONY COLICOVA AND THOMAS KASKENAS, DEFENDANTS-APPELLANTS.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondents, *Pearce R. Franklin* and *Joseph J. Durna* (*Pearce R. Franklin*, of counsel).

For the appellants, *Samuel H. Nelson.*

PER CURIAM.

This case is brought before us on appeal, to review four judgments recovered in the Second District Court of the city of Newark by the several plaintiffs below and against the

defendants Collito and Colicova. The jury found a judgment of no cause of action against the defendant Kaskenas.

The plaintiffs below were passengers in the automobile taxicab of the defendant Collito, the operator of which was the defendant Colicova, both of whom are the appellants here.

After the verdict was returned the defendants-appellants obtained a rule to show cause which was heard by the trial court and after argument, discharged. The reasons in support of the rule are not made part of the state of the case by the appellants but they are set forth in the brief of the respondents and since they are not challenged by the appellants in any way we must assume that they are accurately stated.

Said reasons in support of the rule are: First, that the verdicts were contrary to the evidence as to damages allowed. Secondly, the verdicts were the result of passion and prejudice, and thirdly, that the verdicts were the result of mistake, "the jurors or one or more of them being too ignorant to understand the rather complicated issues involved."

All of these reasons apparently were argued and the court, in discharging the rule, said, "no cause for a new trial had been shown." We do not find in the state of the case any further information as to the judge's reason for discharging the order to show cause.

The appellants, in addition to the appeal filed in the main case, file an appeal also from the order discharging the rule to show cause.

The appellants argue their appeals here on two grounds. The first one, briefly, is that the court abused its discretion in not granting new trials because the verdicts were the result of prejudice and bias on the part of the jurors.

There is nothing whatever to indicate the trial court abused its discretion in discharging the rule to show cause. The mere fact that the verdicts seem to counsel for the defeated party to be extravagant is no reason for the charge that the court abused its discretion. *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490; 101 *Atl. Rep.* 243; *Gee* v. *Moss,* 108 *N. J. L.* 160; 156 *Atl. Rep.* 458.

The appellants complain that one witness, on being asked

who Mr. Farkash was, replied, "Mr. Farkash is one of the representatives of our insurance company."

This testimony, even if it should be considered improper, was in no way objected to by appellants' counsel; no request made that it be stricken; no suggestion that there be a mistrial declared, nor was there any request to charge submitted, concerning it. This ground of appeal therefore fails.

The second ground is that in the case of the plaintiff Pentimone, the court erred in charging the jury that if this plaintiff was entitled to recover he could recover moneys lost as the result of inability to work and loss of salary or wages therefrom, and it is argued, and quite correctly, that there was no testimony with respect to loss of salary in the case of this plaintiff. The difficulty with this ground of appeal, however, is that even if the court had been in error in charging the jury in the manner complained of, none the less the substance of this court as appears from the reasons advanced for the rule was argued on the return of the rule to show cause and decided adversely to the appellants. This ground of appeal is likewise unavailable to the appellants.

A question cannot be reserved for appeal which has been urged in support of or argued on the return of a rule to show cause. *McMichael* v. *Horay*, 90 *N. J. L.* 142; 100 *Atl. Rep.* 205; *Faragasso* v. *Introcaso*, 98 *N. J. L.* 583; 121 *Atl. Rep.* 773; *Goeckel* v. *Erie Railroad*, 100 *N. J. L.* 279; 126 *Atl. Rep.* 446.

The judgments will be affirmed, with costs.