CAMP MARAPO, INC., A CORPORATION, PLAINTIFF-RE-
SPONDENT, v. SAUL COHEN, MAGDALENA WESSEL,
WILLIAM C. WESSEL AND ESTELLE COHEN, DEFEND-
ANTS-APPELLANTS.

Submitted May 31, 1941—Decided September 19, 1941.

For the plaintiff-respondent, *Jerome Alper & Alper* (*Samuel B. Friedman,* of counsel).

For the defendants-appellants, *Fred H. Gansler* (*Leo Yarnoff,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment in favor of the plaintiff for possession in an ejectment suit and for mesne profits. The plaintiff's right to possession having expired prior to the date of trial the judgment was for possession as of August 7th, 1940, the date of the commencement of the suit against the defendants Estelle Cohen, Magdalena Wessel and William C. Wessel, and the judgment for mesne profits was against the defendant Estelle Cohen only, in the sum

of $900. The trial court on motion directed a verdict in favor of the defendant Saul Cohen. The plaintiff has not appealed from that ruling.

The case was tried by Judge Wolber and a jury in the Supreme Court, Sussex Circuit. His refusal to grant defendant's motions for nonsuit and for directed verdict and rulings on proffered testimony are argued as grounds for 'reversal. We conclude that the rulings were right and that the judgment should be affirmed.

A jury question was presented on the question of whether or not the premises had been abandoned by the plaintiff who was a lessee with an unexpired term and there was no reversible error on rulings as to the admission of evidence.

It appears that Magdalena and William Wessel, defendants (hereinafter called the Wessels), own certain premises in Vernon Township, Sussex County, which they leased February 19th, 1936, to Martin Operating Co. for a period ending October 1st, 1938, and later extended to September 30th, 1939. The Martin Operating Co. assigned the lease to Carl A. Schneider and Hazel B. Baird who desired to conduct a summer recreation camp on the premises and who assigned the lease to the plaintiff corporation in which they were interested. These assignments were with the consent of the Wessels. The plaintiff conducted the camp business on the demised premises during the summers of 1938 and 1939.

On March 2d, 1939, the Wessels and the plaintiff came to a new agreement, in writing, which amended the terms of the lease in certain particulars and extended its terms to September 30th, 1940. This agreement contained this clause: "First: That as of the date of these presents said lease and extension agreement are in full force and effect and that there are no defaults or breaches of covenant on the part of the lessors, the lessees, or any assigns of the lessees." Under this agreement the rent for the additional year was fixed at $900, which was an increase, payable one-third on April 1st, 1940, one-third on June 1st, 1940, and the balance on June 15th, 1940.

It further appears that the Wessels entered into a lease of the premises with Estelle Cohen, one of the defendants, on

January 17th, 1940, for a period of four years, eight and one-half months from that date, terminating October 1st, 1944. The defendant Estelle Cohen has had possession since that time.

The original lease provided that the lessee pay the lessors on October 1st of each year the sum of $50 "as an evidence of good faith, said amount to be deducted from the next succeeding payment due." No such deposit had been made on October 1st, 1939, nor at any time thereafter by the plaintiff. The only provision for the payment of this deposit was contained in the original lease. It was not included in the first extension agreement, that between the Wessels and the Martin Operating Co. In fact the terms of the rental were changed and modified in that extension agreement and it seems clear that the failure to carry over the security provision showed an intention of the parties that it was abrogated. Again in the agreement of March 2d, 1939, between the Wessels and the plaintiff full and complete terms and conditions of rental were made and no security provision was included.

We, therefore, think that the interpretation of that contract was for the court and that the ruling was right that the lease as modified did not provide for any deposit or security as provided in the original lease and so there was no breach by the plaintiff tenant in that regard which gave a right of re-entry by the Wessels.

Next it is contended by the defendants that the failure of the plaintiff to pay a note given by Messrs. Schneider and Baird which has matured and which it is claimed was the consideration for the extension agreement of March 2d, 1939, constituted a failure of consideration and rendered void the extension agreement. We think this point to be without merit. The extension agreement in question did not provide for the payment of this note and it was not a part of the consideration for the making of the agreement. It is true that there was this unpaid note but the facts and circumstances of the debt for which it was given was quite separate and apart from the rent obligation or any obligation flowing from the lease. In fact the note was not the obligation of

the plaintiff at all but, as stated, was that of Messrs. Schneider and Baird as individuals.

The trial court sustained objections of the plaintiff to the admission of testimony offered for the purpose of showing that the plaintiff was in such poor financial condition after the camping season of 1939 which would prevent it from carrying out the terms of the lease thereafter. There was no rent due at that time nor when the lease was made on January 17th, 1940, with the defendant Estelle Cohen so there was no default in the payment of rent at the time of eviction. The financial condition or credit of a party to a contract does not relieve the other party from performance and is no defense to an action for the breach of such contract because it cannot be concluded therefrom that he cannot and will not perform his part when his time for performance comes. *Koppelon* v. *W. M. Ritter Flooring Corp.*, 97 *N. J. L.* 200. The ruling of the trial court that the financial condition of the plaintiff was irrelevant and immaterial was right and the contention that it was error is therefore without merit.

That brings us to the remaining and perhaps major point argued as a ground for reversal, namely, that the facts clearly showed that the plaintiff by its conduct had actually abandoned the premises and its rights under the lease. There were facts from which the jury might have so concluded. But the testimony on this point and proper inferences to be drawn therefrom was manifold and conflicting as to just what had been done and the reasons and intention which prompted those acts of the plaintiff and it is clear that a factual question of whether or not the lease had been abandoned was raised. That was of course a jury question and the trial court was right in submitting it to the jury, which was done, under proper instructions. Moreover, while it does not so appear in the state of case the fact is that a rule to show cause was allowed by the trial court, argued and discharged. The order discharging the rule reads: "* * * and the court being satisfied that the verdict has not been against the weight of the evidence nor upon bias and prejudice, and that the said verdict is not excessive or unreasonable," &c., and concluded by discharging the rule. The weight of evidence

having been argued on the rule that question becomes merged therein and the appellants are precluded from again raising it. Such questions as were argued on the rule being *res judicata.* *Goekel* v. *Erie Railroad Co.,* 100 *N. J. L.* 279; 126 *Atl. Rep.* 446; *Margolies* v. *Goldberg,* 101 *N. J. L.* 75; 127 *Atl. Rep.* 271.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.   16.

*For reversal*—None.