HARRY COLE, ADMINISTRATOR AD PROSEQUENDUM AND GENERAL ADMINISTRATOR OF THE ESTATE OF JOHN ALFRED COLE, DECEASED, PLAINTIFF-RESPONDENT, v. CLARK PRODUCTS COMPANY, DEFENDANT-APPELLANT, RICHARD G. CLARK ET AL., DEFENDANTS.

Argued February 5, 1947—Decided April 24, 1947.

For the defendant-appellant, *Cecil W. Rotzell.*

For the plaintiff-respondent, *Samuel P. Orlando.*

The opinion of the court was delivered by

DONGES, J. This is a negligence suit in which the plaintiff, as administrator *ad prosequendum* and as general administrator of the estate of his son, John Alfred Cole, deceased, sued and recovered a judgment against the Clark Products Company for $5,000 in each capacity. On rule to show cause the verdict of $5,000 for the general administrator was reduced to $2,500, which reduction was consented to by the plaintiff and the judgments were entered accordingly.

The rule to show cause allowed assigned the following reasons: (a) The verdict of the plaintiffs in each count was against the weight of the evidence; (b) the verdict was contrary to the charge of the court; (c) the damages awarded to the plaintiff Harry Cole, administrator *ad prosequendum* of the estate of John Alfred Cole, deceased, under the first count of the complaint were excessive; and (d) the damages awarded to the plaintiff Harry Cole, general administrator of the estate of John Alfred Cole, deceased, under the third count of the complaint were excessive.

There were certain exceptions reserved, amongst which was the exception to the refusal of the trial judge to order a nonsuit; to the refusal of the trial judge to direct a verdict; and exceptions to parts of the court's charge. The rule to show cause was argued and, as stated, the verdict for the general administrator was reduced. The rule entered after hearing on the rule to show cause states "counsel for the defendant having abandoned the reasons numbers one and two set forth in said rule to show cause, and having argued the said rule on reasons three and four only, namely that the verdicts in each case were excessive," and then proceeds to deny a new trial but to reduce the verdict in the one case.

Defendant now appeals to this court and sets out as grounds of appeal that it was error to refuse a nonsuit; that it was error to refuse to direct a verdict for defendant; and that the trial judge erred in his charge to the jury. The defendant by assigning reasons (a) and (b) in the rule to show cause, waived the reservation of exceptions to such refusals and to the charge of the court, and the disposition of the rule with-

out the specific exscinding of the reasons from the rule rendered the rule controlling. It has been held in many cases that "abandonment" of a point mentioned in the rule to show cause as a ground for a new trial is not such withdrawal of the ground as is required to afford its use as a ground of appeal. It must be actually exscinded so that it is as if it had never been alleged as a reason for new trial. Reasons assigned that the verdict is contrary to the weight of the evidence are necessarily embraced within exceptions to a refusal to nonsuit and to direct a verdict, and a reason assigned that the verdict is contrary to the charge of the court is not consistent with a subsequent objection that the court erred in his charge. *Goekel* v. *Erie Railroad Co.*, 100 *N. J. L.* 279; 126 *Atl. Rep.* 446; *Margolies* v. *Goldberg*, 101 *N. J. L.* 75; 127 *Atl. Rep.* 271; *Cleaves* v. *Yeskel*, 104 *N. J. L.* 497; 141 *Atl. Rep.* 814; *Cleary* v. *Camden*, 118 *N. J. L.* 215; 192 *Atl. Rep.* 29; *affirmed*, 119 *N. J. L.* 387; 196 *Atl. Rep.* 455; *Stephans* v. *Harrison-Kearney Trust Co.*, 122 *N. J. L.* 474; 5 *Atl. Rep.* (2d) 771; *Dombrowski* v. *Metropolitan Life Insurance Co.*, 126 *N. J. L.* 545; 19 *All. Rep.* (2d) 678, and cases cited therein.

The judgments are affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.

*For reversal*—None.