GEORGE H. CLARK, PLAINTIFF-APPELLANT, v. NATHAN SWERSKY, DEFENDANT-RESPONDENT.

Argued January term, 1925—Decided April 23, 1925.

Appeals—Case Previously Considered on Rule to Show Cause and Rule Discharged—It Does Not Appear That Any Exceptions Were Then Reserved—This Phase Not Discussed by Appellant—Countenance Should Not be Given to Proceeding Contrary to Spirit of Act and Practice of Superior Courts —Appeal Dismissed.

On appeal from the East Orange District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-appellant, *Abraham M. Herman.*

For the defendant-respondent, *Stein, Stein & Hannoch.*

PER CURIAM.

The record shows that the case was tried before the East Orange District Court, June 10th, 1924, and judgment rendered for the defendant for $500 on its counter-claim.

The plaintiff's demand was for $500 balance due as alleged on the purchase of two hundred and fifty shares of stock of the company.

The defense was (1) that defendant never agreed to purchase the stock, and (2), by way of counter-claim, that $500 paid on account thereof or in connection with the stock

transaction which the plaintiff had agreed to return to the defendant on request had not been paid. It was on the latter claim that the judgment was rested.

It further appears that ten days after the verdict was rendered, on June 17th, 1924, the plaintiff obtained a rule to show cause why the verdict should not be set aside, and on July 1st the rule was discharged.

It is argued that the matters argued on the rule are the same as those argued on appeal.

This phase of the matter the appellant does not discuss, making no reference to it in his brief, for, obviously, it is clear that there can be no appeal from the order discharging the rule to show cause. The matters argued on the appeal are the failure to direct a verdict; the charge of the court that the verdict was against the weight of evidence; the admission of evidence, and the failure of the court to charge as requested. Concerning these objections it is enough to observe that the ordinary rule applies that where a party sees fit to invoke the discretionary power of the judge to review the case on a rule to show cause, he waives the right of appeal excepting in so far as the court sees fit to reserve such matters as a ground of appeal. *Rossi* v. *Benedict,* 98 *N. J. L.* 81.

Here it does not appear that any exceptions were reserved. It is also to be observed that the theory of the District Court act was to give a great mass of litigants an opportunity to obtain an expeditious determination of their cases in a convenient local tribunal. It would seem, therefore, that no countenance should be given to a proceeding which manifestly is contrary to the spirit of the act, and which is contrary to the practice of the superior courts, where this rule is rigidly enforced.

The appeal, therefore, should be dismissed and the judgment affirmed.