GABRIELE GIORDANO, APPELLANT, v. ASBURY PARK
AND OCEAN GROVE BANK, BODY CORPORATE, RE-
SPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

On appeal from the Supreme Court.

For the respondent, *Durand, Ivins & Carton (James D.
Carton,* of counsel).

For the appellant, *Gabriele Giordano, pro se.*

PER CURIAM.

From the record submitted in this case it appears that Gabriele Giordano instituted in the Supreme Court an action for slander against the Asbury Park and Ocean Grove Bank, a corporation. The venue was laid in Monmouth county. The case was upon the list of causes to be tried at the Monmouth Circuit at the September term, 1924. It was reached on October 31st, 1924. The plaintiff did not appear when the case was called, and the defendant's counsel moved for a judgment of nonsuit, which was granted. The plaintiff, who was conducting his own case, subsequently asked for a rule to show cause why the judgment of nonsuit should not be opened. The ground appears to have been that the plaintiff, while attending court in October, 1924, was taken ill with tonsilitis. A rule was granted by the Circuit judge on November 20th, 1924. This rule was after argument discharged by an order made on April 15th, 1925. On June 12th, 1925, the plaintiff obtained from the Supreme Court another rule to show cause why the judgment taken by default should not be re-opened. This rule was made returnable at the October term, 1925, of the Supreme Court. On December 5th, 1925, an order was entered by the Supreme Court discharging the rule to show cause. The order recites that Mr. Giordano failed to perfect the same or take any steps to prosecute the same.

Mr. Giordano now seeks to have this order reversed upon appeal. The record is incomplete. But, assuming that the record was complete, no appeal would lie. Whether a rule to show cause shall be made absolute or discharged is a matter resting in the discretion of the court. The discretion exercised in disposing of a rule to show cause is not reviewable. *Clark* v. *Swersky,* 3 *N. J. Mis. R.* 432. It perhaps may be further said that in view of the failure of the party obtaining the rule to perfect and prosecute the same the Supreme Court could have done, in our opinion, nothing else but to discharge the rule.

The appeal is accordingly dismissed.