ALPHONSO EMELE AND BERTHA EMELE, PLAINTIFFS, v. ARROW CARRIER CORPORATION, DEFENDANT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *William K. Flanagan.*

*Contra, William C. Gebhardt & Son.*

PER CURIAM.

This is a rule for change of venue in a transitory action. From a stipulation of facts entered into by the parties it appears that the plaintiffs reside in Easton, Pennsylvania; that the cause of action arose in the city of Easton; that the defendant is a New Jersey corporation with its principal office in Paterson; that the process was served in Passaic county; that the venue was laid in Hunterdon county; that an answer was filed and the case noticed for trial at the December term, 1928, at the Hunterdon Circuit, and that only thereafter was the present rule applied for and allowed.

The cause of action arising in another state and the plaintiffs residing out of this state, the venue could only properly be laid in Passaic county, where the defendant's principal office was located, and where the process was served. This, however, does not control the case. In *Peister* v. *Public Service,* 100 *N. J. L.* 53, it was said by this court that "an

application for a change of venue should be made as soon as the moving party acquires knowledge of the facts upon which the motion is based and failure so to do will constitute a waiver."

Defendant has not shown in the present case, nor does the stipulation establish, that the application was made as soon as the facts were known. On the contrary we think it fairly inferable that the defendant deliberately permitted the case to reach the point of trial before it moved in the matter.

The rule is discharged.