STEPHEN GALAMB, ADMINISTRATOR AD PROSEQUENDUM, RESPONDENT, v. ERIE RAILROAD COMPANY AND WILLIAM POPE, APPELLANTS.

Submitted October 17, 1930—Decided September 5, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellants, *George S. Hobart* and *Ralph E. Cooper.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Pauline Galamb, the plaintiff's decedent, while attempting to get off a train at the terminal of the Erie Railroad Company in Jersey City, fell from the train, went under it, and was killed. She was a girl eighteen years of age and was traveling from Passaic to Jersey City with some girl friends. The defendant Pope was the engineer of the train upon which plaintiff's decedent was riding. The trial resulted in a verdict in favor of the administrator and as against both of the defendants.

The first ground for reversal is based upon the contention that the trial court erred in refusing to grant a nonsuit, and further, in refusing to direct a verdict in favor of the defendants, the claim being that there was no evidence in the case showing negligence on the part of the engineer, and that consequently, neither he nor his employer, the railroad company, was responsible for the death of plaintiff's decedent. The testimony on the part of the plaintiff showed that as the train came into Jersey City and approached the station,

this girl and her friends, all of whom were passengers on the train, got up from their seats and went through the train to the front car, and that as the train was about to stop, they went out upon the front platform thereof. The proofs further showed that after doing this the train came to a standstill, and that plaintiff's decedent then started to step down from the platform of the car, and that while in the act of alighting there was a violent jerk of the train, first forward and then backward, which caused her to fall. In view of this testimony it was plainly for the jury to say whether or not the accident was the result of negligence in the operation of the train by defendant's engineer, and this being so, the trial court properly refused to nonsuit or to direct a verdict in favor of the defendants on this ground.

It is next contended that these motions should have been granted for the reason that the plaintiff's intestate was herself chargeable with contributory negligence as a matter of law. We consider this contention also to be without merit. If it was true, as counsel contends, that the girl had attempted to get off the train while it was still moving, and that the accident resulted because of her doing so, she would, of course, have been guilty of contributory negligence as a matter of law; but in view of the fact that as has already been stated, there was evidence that the train had stopped, and afterward suddenly jerked forward and then backward as she was in the act of alighting, the question of the existence of contributory negligence on the part of the plaintiff's intestate was one for the jury and not for the court to decide; for a passenger naturally does not anticipate a sudden jerk of a train which has come to a standstill as he or she is in the act of stepping from it, and consequently is under no obligation to use care to protect himself or herself against a danger arising from such a cause.

The next ground upon which we are asked to reverse is that there was material error in the court's charge in reciting the testimony of a witness called by the plaintiff and who was one of the decedent's companions. Assuming that the testimony was not accurately quoted, that fact affords

no ground of reversal, for the trial court expressly told the jury that if its recollection of the testimony of the witnesses varied from his statement of that testimony in the charge, it should disregard his statement and rely entirely upon its own knowledge of what was actually said.

We are further asked to reverse the judgment upon the ground that the court erroneously instructed the jury as to the measure of damages in case it found a verdict for the plaintiff. The statement of the court to the jury was as follows: "The father and mother of this girl were entitled to her services until she should arrive at the age of twenty-one years, and what those services might reasonably have been expected to be worth they would be entitled to recover." This instruction, although not as clear as it might have been, plainly indicated, we think, that the plaintiff was entitled presently to the reasonable worth of those services; that is, their present value; and so construed, there was no error in the instruction.

It is further argued before us as ground for reversal that there was an abuse of discretion on the part of the trial court in failing to set aside the verdict *in toto* upon the return of a rule to show cause allowed to the defendants, instead of merely reducing it in amount. The ground upon which the rule to show cause was allowed was that the award was excessive. The trial judge so considered it, and for that reason reduced the amount. This action on his part is not reviewable upon error. Where a party sees fit to invoke the discretionary power of a judge to review the case on a rule to show cause, he waives the right of appeal, excepting so far as the court sees fit to reserve matters as grounds of appeal. *Clark* v. *Swersky*, 128 *Atl. Rep.* 613 (not officially reported).

The only other contention submitted on the part of the appellants is that this judgment should be reversed because the letters of administration issued to the plaintiff did not authorize an action against the defendant Pope. In issuing the letters the surrogate of the county stated therein that the appointment was made for the purpose of enabling the ad-

ministrator to prosecute an alleged claim of the heirs-at-law and the next of kin of Pauline Galamb against the Erie Railroad Company. This limitation was absolutely beyond the power of the surrogate to impose. The statute authorizes the appointment of an administrator *ad prosequendum* in cases where the death of a decedent is claimed to be the result of the negligent act of some other party, or the joint negligence of two or more persons. In view of this fact, it would seem that the plaintiff was entitled to bring suit against the engineer as well as the railroad company. But we do not find it necessary to determine this question, for at the time of the trial the defect in the letters was discovered and new letters of administration *ad prosequendum* were issued authorizing suit against Pope as well as against the railroad company. In the case of *Wilson* v. *Dairymen's League*, 105 *N. J. L.* 188, the court at the trial of the cause permitted an amendment of the complaint by substituting an administrator *ad prosequendum* in the place of the general administrator, the suit having been instituted in his name for the purpose of recovering compensation under the Death act for the wrongful killing of plaintiff's decedent by the defendant. The Court of Errors and Appeals held that there was no harmful error in such substitution, the reason being that the plaintiff was a mere formal party to prosecute the action for the next of kin of the decedent; that such substitution did not affect rights or obligations theretofore existing, but only the manner of their enforcement; and that therefore a change in the character of the plaintiff was a mere matter of form and worked no harm to the defendant. This decision is controlling upon this court, and the contention of the appellants cannot prevail.

For the reasons indicated we conclude that the judgment under review should be affirmed, with costs to the respondent.