ETHEL GEE AND JAMES GEE, RESPONDENTS, v. SARAH
MOSS AND SIGMUND MOSS, APPELLANTS.

Submitted February 13, 1931—Decided October 19, 1931.

For the appellants, *Hudspeth & Harris* (*Edward A. Mark-ley*, of counsel).

For the respondents, *Meyer M. Semel*.

The opinion of the court was delivered by

KAYS, J. This is an appeal from the Essex County Circuit Court tried before his honor, Newton H. Porter, Circuit Court judge, and a jury. The suit was brought to recover compensation for injuries received by the plaintiff Ethel Gee, who was run down by an automobile owned by Sarah Moss and operated by her husband, Sigmund Moss, in the performance of the business of his said wife.

The first trial of the case resulted in a verdict in favor of the said plaintiffs below for the sum of $2,200. A rule to show cause was thereupon allowed by the trial judge and a new trial was directed which limited the same to damages only. The second trial was had which resulted in a larger verdict than the verdict rendered at the first trial and was

for the sum of $5,300. Prior to the second trial the pleadings were amended so as to admit evidence which was not presented at the first trial. As a result of these amendments there was some evidence as to the injuries of the said plaintiff Ethel Gee, introduced at the second trial which was not presented to the jury at the first trial. This evidence was to the effect that the said plaintiff had sustained a curvature of the spine and some other injuries. The trial judge refused to allow another rule to show cause and judgment accordingly was entered upon the second verdict. This appeal is from that judgment.

The only ground for reversal before us is that the trial court abused its discretion in refusing to grant a new trial on the second verdict. The trial judge said that he had considered the matter very carefully from every standpoint and concluded it was not a case under the decisions that justified the setting aside of the verdict and the granting of a new trial. He further said that he was not convinced that the jury decided the case because of mistake, passion or prejudice. He further said there was testimony in the case that fully justified the verdict. The appellants refer to the case of *Gaffney* v. *Illingsworth*, 90 *N. J. L.* 490, 492, and claim that this case holds : "That the refusal of a new trial may be appealed from where it appears that there has been an abuse of sound discretion." Assuming that such is the law and that this court will review such a refusal upon the ground indicated, it does not seem to us that it can be fairly said that there was an abuse of discretion by the trial court in this case in the refusal to order a new trial. The amount of the award is a matter primarily vested in the jury and the mere fact that the award is so high that the trial judge admitted that he, personally, felt it was too high does not compel the trial court to direct a rule to show cause why it should not be set aside. In other words, the mere fact that the verdict seems to the court to be excessive does not indicate that it is the result of mistake, passion or prejudice on the part of the jury, when there is sufficient evidence

before the jury, which the jury might believe, to justify the verdict rendered. The fundamental rule is, that the discretion of the trial judge to set aside a verdict should not be exercised by him unless it is evident that the jury decided the case because of mistake, passion or prejudice. There is nothing in this case which would indicate that the jury rendered its verdict for any such reason, and that the judge in refusing to set it aside abused his discretion.

We are therefore of the opinion that the court below did not abuse its discretion in refusing to grant a new trial on the second verdict. The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.