ADRIEN B. HOMMELL, PLAINTIFF, v. EDWARD ERRINGTON, B. & H. LABOR TRUCKING COMPANY, A CORPORATION, AND DONALD R. HOMMELL, DEFENDANTS.

Decided December 29, 1931.

94

For the defendant Edward Errington, *Frank G. Turner*.

For the defendant B. & H. Labor Trucking Company, a corporation, *Frank C. Scerbo*.

For the defendant Donald R. Hommell, *King & Vogt* (*Harold A. Price*, of counsel).

. *Contra, John C. Howe* (*John W. Palmer*, of counsel).

HOLLAND, J. This case was referred by Circuit Court Judge Rulif V. Lawrence and tried in the Supreme Court, Morris County Circuit before the judge holding the Circuit Court in Morris county upon request of the Supreme Court justice presiding therein, and a jury. *Pamph. L.* 1931, *ch.* 317. The jury returned a verdict of $25,000 in favor of the plaintiff against all the defendants and they applied for a rule to show cause, reserving the exceptions taken at the trial as grounds of appeal, which rule was granted and made returnable before the ·trial court. All parties appeared without objection. *Pamph. L.* 1931, *ch.* 356.

Upon the argument for the rule it was pointed out by counsel that the plaintiff lived in Middlesex county, that the defendant Errington lived in Somerset county, that the B. & H. Labor Trucking Company, a corporation, had its principal office in Somerset county, that the defendant, Donald R. Hommell, the plaintiff's brother, lived in Middlesex

county, and that the accident happened in Somerset county, and moved to set aside the verdict because the venue had been erroneously laid and the case improperly tried in Morris county. This was opposed by the plaintiff. The defendants' objection comes late; this motion cannot be entertained on a rule to show cause after verdict. *Peister* v. *Public Service,* 100 *N. J. L.* 53; *Emele* v. *Arrow Carrier Corp.,* 146 *Atl. Rep.* 790.

The plaintiff, Adrien Hommell, together with his wife, was riding in a Ford roadster driven by his brother, Donald R. Hommell, one of the defendants, along state highway route No. 31, being the road from Bedminster to Somerville, at a speed variously testified to at from forty to sixty miles an hour, when the car crashed with a truck, driven at a speed variously testified to at from five to thirty-five miles an hour, by the defendant Errington and owned by the B. & H. Labor Trucking Company; which truck was proceeding out of the intersecting highway leading from Lamington to Bernardsville, at right angles to the Somerville road. There was much conflicting testimony as to the length and position of skid marks of both vehicles, the speed of both vehicles and their general approach to and into this intersection.

The plaintiff sustained injuries in the collision. His witnesses testified that the plaintiff was knocked unconscious, was hurt about the head, was bleeding from his ears and mouth and vomiting blood; that he sustained a comminuted fracture of both pelvic bones at the pubis, fractures of the two bones below the pubis; that a brain injury had been sustained from which the plaintiff had not yet recovered at the time of the trial; that his urinary system had sustained severe injury and disorganization; that he suffered some loss of hearing, the loss of some teeth, and a partial impairment of memory; was confined to a hospital bed in a strait jacket for five weeks and thereafter in bed for a period of months in his father's home; there was also testimony of injury to his back, to his right leg and right ankle. The doctors testified that he had a fair chance of recovery, but could not say with assurance. The plaintiff's witnesses were minutely and

adroitly cross-examined but no contradicting testimony was produced on the part of any of the defendants. After the accident, plaintiff's wife left him, went to Reno, procured a divorce and a few days thereafter married someone else. Defendants brought out that the plaintiff was keeping company with some other girl and was or was about to become engaged to her.

Counsel for the defendants Errington and Hommell urged that the jury exercised sympathy for the plaintiff; that the verdict was against the weight of the evidence, and that it was excessive. The defendant B. & H. Labor Trucking Company did not on the rule join in the first two of these contentions. Unless it is clearly shown that the jury was swayed by mistake, passion or prejudice, the verdict ought not to be disturbed. *Gee* v. *Moss,* 156 *Atl. Rep.* 458. I do not find any indication that the jury was swayed by either mistake, passion or prejudice.

In reviewing the evidence and considering the injuries inflicted, I conclude that the verdict is not excessive and not against the weight of the evidence.

The rule is discharged.