PAULINA HECKY AND CHRIST HECKY, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. FOX ELIZABETH THEATRE COMPANY, INCORPORATED, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Argued October 6, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *John F. Ryan* and *Merritt Lane.*

For the plaintiffs-respondents, *Norbert T. Burke.*

PER CURIAM.

The case comes before us because of the failure of the trial judge to grant a new trial on the ground of newly discovered evidence. The Court of Errors and Appeals, in *Gee* v. *Moss,* 108 *N. J. L.* 160; 156 *Atl. Rep.* 458, assuming that the abuse of discretion in not granting a new trial might be appealable, considered the matter upon the merits. The case of *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490; 101 *Atl. Rep.* 243, was cited. But that case does not hold that the matter is appealable. In the case of *Giordano* v. *Asbury Park and Ocean Grove Bank,* 103 *N. J. L.* 194; 135 *Atl. Rep.* 354, it was held: "Whether a rule to show cause shall be made absolute or discharged is a matter resting in the discretion of the court. The discretion exercised in disposing of a rule to show cause is not reviewable. *Clark* v. *Swersky,* 3 *N. J. Mis. R.* 432; 128 *Atl. Rep.* 613."

The rule quoted finds support in the early cases.

The denial of an application for a new trial will not be reviewed. *Furman* v. *Applegate,* 23 *N. J. L.* 28. Whether a new trial will be granted on the ground of newly discovered evidence is within the discretion of the court. *Hoban* v. *Sanford & Stillman Co.,* 64 *N. J. L.* 426; 45 *Atl. Rep.* 819. Mr. Justice Ogden said in *Furman* v. *Applegate, supra:* "An application for setting aside a verdict, and awarding a new trial, is always addressed to the judicial discretion of a court, and error cannot be urged against such exercise of that

discretion. It is true that the judges have sealed a bill prepared upon that exception; but it not being a proper matter for a bill, it cannot be examined into by this court on writ of error."

We have, however, examined the matters presented to the trial judge, and can only conclude that his determination was well within the exercise of a sound judicial discretion, but, by having so done, it is not to be understood that we regard the matter before us because we do not.

The appellant also argues that there was no evidence of negligence and that the defendant was barred from recovery by contributory negligence. The weight of evidence was argued on the return of the rule. This necessarily included a determination of the question raised on a motion to nonsuit or direct a verdict. The defendant cannot argue the weight of evidence on the whole case and reserve for argument the question of contributory negligence. The attack upon the verdict as against the weight of evidence precludes us from determining whether there was proof of negligence, or whether the action was barred by contributory negligence. When the trial court passed upon the weight of evidence it necessarily determined both of those questions. *Freschie* v. *Mason,* 108 *N. J. L.* 272; 156 *Atl. Rep.* 758.

The judgment is affirmed.