ROBERT GILBERT, RESPONDENT, v. JUNIOR TRUCKING CORPORATION, APPELLANT.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Stein, McGlynn & Hannoch.*

For the respondent, *John J. Breslin, Jr.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of the Supreme Court entered upon the verdict of a jury rendered at a trial held at the Bergen Circuit. The plaintiff was an employe of the firm of Bianchi and Smith. This firm rented a truck of the Junior Trucking Corporation, the defendant in this action. An employe of the Junior Trucking Corporation operated the truck. The rental for the truck and driver was on a daily basis. Bianchi and Smith were road contractors. They used the truck in their business. It was customary for the driver of the Junior Trucking Corporation truck to take it every morning to the yard of Bianchi and Smith. The driver would then receive his orders for the day. On September 24th, 1926, the truck was as usual driven to the premises of Bianchi and Smith. The driver was instructed to "ride batch work, sand, stone and cement." This meant that the driver was required to first obtain sand and cracked stone under a hopper in the rear of the yard. A man under the hopper would then direct him to the cement shed for the cement. There the driver would shut off his engine and go into the office to return his last delivery ticket and receive a new ticket for that particular load. At the shed four men would load the cement, two putting the bags on the truck and two dumping them. These four men were employes of Bianchi and Smith. When the work of loading was finished, one of the men would give the driver his signal to start. This

signal was "roll 'em, roll 'em." The driver would then get on his truck, start his motor, and go ahead.

The plaintiff, on the day mentioned, was on the back of. the truck. The driver of the truck came out. The driver and a man by the name of Billings, who was the driver of another truck, testified that they heard the signal given. Witnesses for the plaintiff denied at the trial that any signal of the starting of the truck was given. The truck, however, started. The plaintiff fell off backwards to the ground. He was injured. At the trial motions to nonsuit and for the direction of a verdict were made and denied. Exceptions were duly taken. The plaintiff recovered a verdict. The defendant has appealed.

The ground of appeal first urged for reversal is the refusal of the trial court to permit the defendant's attorney to state to the jury that if they found a verdict in favor of the defendant this would not leave the plaintiff without any remedy because the Workmen's Compensation act provided him with compensation. We think the trial judge was correct in refusing to let this statement be made to the jury. Whether the plaintiff had a remedy against his employer had no relevancy upon the question of his right to recover against the defendant in the present suit. It is akin to the principle of law that a tort-feasor cannot set up in mitigation of damages the fact that a third party, with whom the tort-feasor has no connection, has indemnified in part or in whole the injured party. *Weber* v. *Morris and Essex Railroad Co.*, 36 *N. J. L.* 213.

It is next urged that the trial court erred in refusing to charge the following request:

"The complaint filed by the plaintiff only asks for a recovery of money expended by him for doctors, hospital expenses, &c., and there is no proof that the plaintiff spent any money for such items of expense."

It will be observed that in this request there is no suggestion that in the absence of such proof the plaintiff would not be entitled to recover for medical expenses incurred by him. The request calls for a mere statement of what the proof is, without any suggestion of what the action of the

jury should be as a result thereof. Had the request embodied a provision that the jury should not award the plaintiff anything for doctors and hospital expense it should have been charged, as the testimony showed that the physician who treated the plaintiff had been engaged by the employer of the plaintiff and the expenses of the hospital service had been charged to the employer and not to the plaintiff. As the request did not embody the provision last mentioned it amounted to nothing more than a request to charge what the proof was which the trial court was under no obligation to do. We see no error in the refusal to charge the request.

The appellant finally contends that the trial court erred in not directing a verdict in favor of the defendant upon the ground that it was not responsible for the negligence of the driver of the truck, the truck and driver being in complete control of the plaintiff's employers, Bianchi and Smith. We are of the opinion that the learned trial judge was correct in refusing to direct a verdict in favor of the defendant. The present case is similar to the case of *Lacombe* v. *Cudahy Packing Company,* 103 *N. J. L.* 651, decided in this court on May 16th, 1927. In that case the Cudahy Packing Company hired of one Dawkins a truck, driven by a servant of Dawkins, to take the place of one of its own trucks which had been withdrawn from service for repairs. Dawkins sent the truck with its driver to the place of business of the Cudahy Packing Company in New York City. It was loaded with meats to be delivered to customers in Essex county. A servant of the packing company accompanied the driver of Dawkins to show the driver where the deliveries were to be made. Dawkins charged $25 per day for the use of the truck and services of the driver. While engaged in the task of delivering the goods the truck struck and injured a young woman by the name of Marie Lacombe. She instituted a suit against the Cudahy company to recover damages for her injuries. This court held that there was no relationship of master and servant between the Cudahy company and the driver of Dawkins' truck, and the absence of such relationship absolved the Cudahy company from liability for an accident caused by the negligent operation of

the truck by the driver. In the present case the action was brought against the owner of the truck and not the hirer. The one in control of the truck was the servant of the owner, not the servant of the hirer. The one who controls and operates the truck is the person liable to one who is injured by negligent operation. The master makes the selection of the servant. He thereby becomes responsible for the servant's acts committed within the scope of the employment. In the present case the driver of the truck was not at the time of the accident a servant of the hirer of the truck, Bianchi and Smith. He was and remained while operating the truck the servant of the defendant company which was responsible for the driver's acts committed within the scope of his employment. No question is raised that the truck was not being used at the time of the accident for the purpose for which it was hired and was being operated by the driver selected by the owner, the defendant, who was responsible to the plaintiff for any negligent operation of the truck.

The judgment is accordingly affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.