BERTRAND G. BIRMINGHAM, ADM'R

*vs.*

THE BANGOR & AROOSTOOK R. R. Co.

Penobscot.    Opinion July 31, 1929.

*Clinton C. Stevens*, for plaintiff.
*George E. Thompson,*
*Henry J. Hart,*
*Frank P. Ayer*, for defendant.

SITTING: WILSON, C. J., DUNN, DEASY, BARNES, BASSETT, PATTANGALL, JJ.

DEASY, J.   Action under the Federal Employer's Liability Law. The plaintiff is the father and the administrator of the estate of George L. Birmingham, deceased. The latter, while employed by the defendant as brakeman, was on March 15, 1927, in the defendant's yard at Oakfield, Maine, accidently and suddenly killed. No witness saw the occurrence. It is evident, however, that young Birmingham in using the ladder on the side of a moving refrigerator car, while attempting to reach the top of the car, lost his hold, fell and was crushed and killed.

The plaintiff's theory, which was apparently accepted by the jury, is that while on the ladder young Birmingham came in contact with a semaphore erected and maintained by the defendant. This is disputed, but we think that the jury was justified in so finding. The plaintiff claims that the semaphore was negligently located and maintained too near the track. The record shows that

the semaphore was sixty inches from the track and owing to the overhang was twenty-nine inches from the side ladder. No other negligence on the defendant's part is claimed or pleaded or indicated by the evidence.

Actionable negligence is predicated upon some duty owed by the defendant to the plaintiff and a breach of such duty. The plaintiff contends that the defendant owed to the plaintiff's intestate the duty of exercising due care to have its semaphore placed so far from the track that in using the side ladder of the car he would not come in contact with it.

The evidence showed that Birmingham's post of duty at the time of the accident was on top of the refrigerator car, called in railroad parlance a "reefer," next to the caboose.

The train came to a stand-still in the yard for information as to the track upon which it was to be switched. Birmingham had no responsibility or duty in reference to the obtaining of such information, or acting upon it. For some reason not connected with his occupation or duty he came down to the ground and in seeking to return after the train had started he lost his life.

The evidence further shows that the defendant had warned its employees against using the side ladder on freight cars while switching in yards. This warning was printed upon the employee's time cards. The undisputed evidence shows that the plaintiff's intestate had in his possession such a card with its warning, which is as follows:

"Employees are warned not to use the side ladders of cars when passing through bridges or on the sides of cars next to buildings or cars when switching in yards."

The plaintiff in effect claims that one of the duties which the defendant owed to the plaintiff's intestate was to so locate its semaphore that he would not come in contact with it while using a side ladder, even in violation of the defendant's express warning to him not to so use it.

The mere statement of such a proposition shows its unsoundness. In erecting the semaphore the defendant was not bound to anticipate that any employee would use a side ladder while switching in a yard in violation of an express rule and warning.

Contributory negligence on the part of the plaintiff is not set up

in this case, and under the Federal Liability Law it is not a complete defense. Contributory negligence implies negligence on the part of the defendant. 18 R. C. L., 129. In this case no negligence of the defendant is shown because in locating its semaphore it was not bound to foresee and guard against a violation of its rule and warning.

The language of the Supreme Court of the United States in the recent case of *Railroad Company* v. *Driggers* (opinion announced June 23, 1929), is applicable to this case. "The contention that his death was caused by the negligence of the railroad company in any respect in which it owed a duty to him is without any substantial support and the jury should have been instructed to find for the railroad company." The motion in this case must be sustained. It is unnecessary to pass upon the exceptions.

*Motion sustained;*
*Verdict set aside.*