SYLVESTER FRESCHI, RESPONDENT, v. ABRAHAM B. MASON, APPELLANT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Russell E. Watson.*

For the respondent, *Burlew & Currie.*

The opinion of the court was delivered by

PARKER, J. This cause was reviewed in the Supreme Court on a rule to show cause, although the *per curiam* opinion of that court, filed May 1st, 1930, does not seem to have been published in the unofficial reports or elsewhere. The general facts relating to the origin of the case and the result at the trial are correctly stated in the introductory portion of the Supreme Court *per curiam,* which reads as follows:

"The plaintiff at the time of the injury that gave rise to this suit, was a regular employe of the Metallurgical and

Chemical Company, Incorporated, at its plant in Matawan. That company contracted with the Fuller Construction Company to build an additional building of steel frame construction, sheathed and roofed with corrugated iron, and connecting with the existing building. The frame was up, and work on the roof was in progress. At the same time, plaintiff was engaged under the direction of his foreman, in laying the concrete foundation of a piece of machinery under, or nearly under a part of the incomplete roof where workmen of the defendant Mason were at work; and with matters in that situation plaintiff was struck on the head by a heavy metal object which he claimed had been negligently allowed to fall from the roof by some workman of the defendant. Said defendant was a subcontractor of the Fuller Construction Company, for the roofing of the new building. Plaintiff brought suit against defendant, and after two trials resulting in a disagreement of the jury, and a third in which a juror was withdrawn to permit an amendment of the complaint, the jury on a fourth presentation of the evidence returned a verdict in his favor of $20,000."

There is a rigid rule of practice, which was crystallized into a statute, that the granting of a rule to show cause shall be a waiver of the bill of exceptions except on points expressly reserved in said rule. Practice act of 1903, section 213. This section was repealed in 1912 (*Pamph. L., pp.* 383, 384, § 34) but was revived in the present Rule 129 of the Supreme Court which reads: "Granting to a party a rule to show cause why a new trial shall not be granted shall be a bar against him to taking or prosecuting an appeal, except on points expressly reserved in said rule." See *Haden* v. *Bamford Bros.,* 74 *N. J. L.* 847.

This familiar principle is here stated, because the only exceptions reserved in the rule to show cause were the following: (1) To the refusal to nonsuit; (2) to the refusal to direct a verdict for the defendant; (3) to the charge of the court. Consequently the point made here, that the court erred in permitting the reading of certain depositions over the objec-

tion of the defendant, is unavailable to the appellant, as is also the further point that the court refused certain request to charge.

There is another rule of appellate practice, which is that a party holding a rule to show cause and arguing alleged errors of law thereunder, will not be permitted to renew his argument to such points on appeal. And for this reason also the claim that the trial court erred in admitting the said depositions and in refusing the requests to charge, are unavailable here because we find both points were argued in the Supreme Court under the rule.

The principle last stated also applies to two other grounds of appeal urged here, viz., that the court erred in refusing to nonsuit and erred in refusing to direct a verdict. Those grounds, it is true, were reserved in the rule to show cause, but it is now settled by a whole line of recent cases that where, as in this case, the verdict has been attacked on rule to show cause as against the weight of evidence, the consideration and disposition of that claim by the Supreme Court on the rule to show cause covers the ground of a motion to nonsuit and motion to direct and operates as a bar to the argument of such grounds of appeal. *Catterall* v. *Otis Elevator Co.,* 103 *N. J. L.* 381; *Boniewsky* v. *Polish Home, Ibid.,* 323; *Noonan* v. *Great Atlantic and Pacific Tea Co.,* 104 *Id.* 136; *Cleaves* v. *Yeskel, Ibid.* 497; *Overend* v. *Kiernan,* 105 *Id.* 112.

It follows from what has been said that the only exceptions now available to the appellant are those relating to the charge of the court as actually delivered; and these we proceed to consider.

For the most part they are too lengthy to quote in full, particularly as the substance of the instructions and the objections to them may be shortly stated.

(a) In the course of the evidence it appeared that plaintiff had been receiving compensation from his employer under the Workmen's Compensation act, and the judge pointed out that that fact, in view of the statute (*Pamph. L.* 1919, *p.*

212, § 23f), had no legal bearing on the amount of recovery by the employe against a third party for negligence, and remarked (and this is the passage criticized) that he had only allowed this phase of the case to come in because defendant's counsel had suggested there was no merit to the claim, and the real motive of the suit was to enable plaintiff's employer to get back money paid plaintiff under the Compensation act. The criticism now is that the testimony about the compensation proceedings also tended to show that plaintiff had a "compensation neurosis" and consequently had a bearing on the actual extent of injury and amount of damage. But assuming that as a fact, the instruction in question was in no way erroneous. The court, in the passage excepted to and assigned as error, was merely explaining the theory on which he had allowed this testimony to come in; and probably would have been justified in excluding it altogether. *Gilber* v. *Junior Trucking Corp.*, 104 *N. J. L.* 608.

(b) The next exception attacks a passage in the charge in which the judge gave as an illustration of *res ipsa loquitur* the falling of a heavy object from the top of a building upon a passerby in the street. The objection is that plaintiff was not in a street, but in the building enclosure; but we fail to see what legal error was committed by the court: for in each case the injured party was where he had a right to be, saving the questions of contributory negligence and assumption of risk, treated elsewhere in the charge.

(c) The third exception is a short passage reading as follows: "But you have a right to consider the circumstances; men working upon a scaffold according to the plaintiff, at or above his head; that he was suddenly struck; an injury occurred." This is a small part of a general discussion of the circumstantial evidence. The point argued is that defendant's men were not "at or above his head" but that "the testimony is that they were to one side," *i. e.*, not vertically above him. The objection seems trivial. Defendant's men were working on the laying of the roof; they had been working their way to the end where plaintiff was laying concrete

on the ground: one witness said they were "in the second bay;" plaintiff said they were about ten feet away. The witness Vecco said they were directly over the plaintiff, who was struck by a "dollybar," an instrument used by defendant's men and by no one else. The charge was in no way misleading, and dealt with a state of facts which the jury could properly find under the evidence.

(d) The court charged in substance that if the evidence excluded all other causes except the dropping of the bar, the jury were entitled to conclude that the "falling of the bar was the proximate cause of the injury." The complaint is that the court omitted the element of the bar falling "because of the negligence of the defendant." It suffices to say that the court was not at this point discussing any question of negligence, but only the question whether plaintiff was in fact injured by the bar falling on him.

(e) The court charged that the burden of showing contributory negligence was on the defendant, and that "contributory negligence, while a defense, is only to be considered by you where you find the plaintiff has proven the negligence of the defendant as charged, under a fair preponderance of the proof." The defendant excepted, and argues the exception, on the ground "that contributory negligence has got to be considered by the jury whether or not the negligence of the defendant has been proven." The point is devoid of any substantial basis. The very word "contributory" implies the existence of primary negligence. A party may be injured solely because of his own negligence, but such negligence is not contributory. "Contributory negligence" assumes the existence of negligence on the part of the defendant. *State v. Baltimore and B. Railway Co.,* 133 *Md.* 411; 105 *Atl. Rep.* 533, 536; *Birmingham* v. *Bangor and A. R. Co., (Me.)* 147 *Atl. Rep.* 149; *O'Brien* v. *Staiger,* 1 *N. J. Mis. R.* 607, 609; *Commercial Credit Co.* v. *Satterthwaite,* 107 *N. J. L.* 17; *ante, p.* 188. "The term 'contributory negligence' necessarily presupposes negligence for which defendant is responsible, which would of itself sustain an action but for

the concurrence of the contributory negligence  *  *  *. Where there is no actionable negligence for which defendant is responsible, the question whether contributory negligence exists is immaterial." 45 *C. J.* 943, and cases. Similar language is used in 20 *R. C. L.* 99, 100. Appellant cites three cases in this state as holding to the contrary. The first, *Gillespie* v. *Ferguson,* 78 *N. J. L.* 470, deals with contributory negligence only on the assumption of primary negligence of defendants (at *p.* 472). The second, *Cetola* v. *Lehigh Valley Railroad Co.,* 89 *Id.* 691, turned wholly on assumption of risk. In the third, *Dwyer* v. *New York, &c., Railroad Co.,* 47 *Id.* 9 (at *p.* 11), the plaintiff was held to have "manifested * * * his own contribution of carelessness as a *partial* cause of the disaster that occurred." These cases do not support the appellant's claim. The concept of contributory negligence is an inseparable companion to that of primary negligence, and in the absence of the latter, plaintiff's negligence is not contributory but sole.

The instruction challenged was correct.

(f) Attack is made on two disconnected passages in the charge, both relating to contributory negligence. The complaint is that the court said this must appear "under all of the evidence" instead of "by the fair preponderance of the evidence." In the second of these passages the court used the words "by a fair preponderance of the proof" and in the first the language was "it must be proven under fair preponderance of the proof, that is to say, it must appear under all of the evidence in the case, no matter from which side it comes, that," &c. What the error is in this language we fail to see.

(g) That the court said the question of contributory negligence centered around the claim of defendant that plaintiff had been warned that he was working in a dangerous place, &c., omitting to say that plaintiff had testified that he knew there was danger, but paid no attention. We find no such testimony of the plaintiff at the page cited by counsel, or indeed on any other page. The examining counsel asked about prior alleged statements to that effect, but plaintiff did not

specifically admit that he had made them, and if he had admitted it, they were merely by way of impeachment and not directly evidential unless he had admitted they were true, which he did not do.

(h) The exception on this point is unintelligible to us and does not point out any alleged error to the trial court. It reads as follows:

"The defendant also excepts to that part of your honor's charge wherein you say that you are not so sure you are not right to charge as the law that the mere disregarding of a warning to keep away from the place where these men were working, or words to that effect, is the law; that you left the question to the jury as a question of fact; that is, the disobedience to the warning if such was given."

(i) That the court left to the jury as a fact question the claim that the plaintiff's employer "was bound to provide him with a safe place to work" and that its not having done so was the proximate cause of the injury rather than the dropping of the bar by defendant's servants. At best, the argument seems to be that plaintiff's employer was negligent in placing him in a situation where he could be injured by negligence of defendant's servants. If so, the case would be merely one of joint tort feasors, and if the court had made the instruction one of law it would not have excused the defendant.

We find no harmful error properly assigned. The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.