EDWARD W. DANIEL, PLAINTIFF-RESPONDENT, v. LYLE ELMER, DEFENDANT-APPELLANT.

Submitted January 28, 1933—Decided July 25, 1933.

For the appellant, *Durand, Ivins & Carton*.

For the respondent, *Quinn, Parsons & Doremus*.

PER CURIAM.

This is an appeal from a judgment of the Monmouth County Common Pleas entered upon the verdict of a jury. The suit was for personal injuries sustained as the result of a fall when a plank leading into a building under construction slipped and threw plaintiff to the ground. Defendant was a subcontractor doing the mason work on a building of the Long Branch Country Club. Plaintiff was a salesman of Ideal Lumber and Coal Company, from whom defendant had ordered coloring material for mortar.

On May 16th, 1930, plaintiff arrived at the building with the coloring. It was necessary for him to see defendant to explain that the material was double strength. Opposite the main entrance the defendant had placed inclined planks for ingress and egress, which planks were properly fastened in accordance with custom. At the north end of the porch planks were placed against the building which were not fastened in place. Plaintiff testified that he entered the building by these planks at the north end of the porch and looked for defendant. Being unable to find him inside the building, he came out on the porch and saw him on the ground near the planks. He called to defendant and was invited by him to descend. When he stepped on the planks, they slipped and threw him to the ground causing painful injuries, for which recovery was had.

1. The first point is that it was error to sustain an objection to the following question to plaintiff: "*Q.* Did you ask

him for any compensation?" That is, had he made any claim for compensation from his employer. Plaintiff said that he had not received any workmen's compensation. Appellant claims this question was admissible on the question of whether or not the plaintiff was actually injured. However, this matter was not in dispute, since the defendant admitted knowledge of the accident and of an injury to the plaintiff. The question of compensation is not relevant in a suit for personal injuries against a third person. *Gilbert* v. *Junior Trucking Corp.*, 104 *N. J. L.* 608; 141 *Atl. Rep.* 776; *Freschi* v. *Mason*, 108 *N. J. L.* 272; 156 *Atl. Rep.* 758.

2. It is next argued that there should have been a nonsuit on the grounds (1) contributory negligence; (2) no negligence shown on the part of defendant; (3) liability should be co-extensive with invitation, which was not shown. The questions of negligence and contributory negligence were clearly for the jury. There was testimony that the planks were not properly secured and that defendant admitted someone had been careless. It was for the jury to say whether or not plaintiff was entitled to walk upon the planks without examining them, in view of the fact that he was admittedly an invitee upon the premises.

As to invitation, it cannot be said as a matter of law that plaintiff was under a duty to ascertain which entrance was the one safeguarded in the proper manner. Moreover, there was testimony that defendant orally invited plaintiff to use the planks upon which he fell. The refusal to nonsuit was proper.

3. That it was error to admit certain X-rays in evidence. The complaint is that these pictures were taken the day before the trial, July 19th, 1932, whereas the accident occurred on May 16th, 1930, and no claim was made that plaintiff was disabled after 1930. This argument goes not to the admissibility of the X-rays, but to their weight as evidence. They were properly proved and it was not error to admit them as evidence of the injuries claimed by plaintiff.

4. That it was error to refuse to admit a certain affidavit made by plaintiff in Reno in the year 1930. Plaintiff had testified as to his disability during 1930 and had said that a certain trip to Reno, asked about by defendant's counsel,

was made in 1931. Later in the trial defendant produced the affidavit and showed it to plaintiff who then admitted his previous testimony was erroneous and that he had been in Reno on the date of the affidavit. In view of this admission, there was no harm to defendant in rejecting the evidence.

The judgment is affirmed, with costs.