EDWARD W. DANIEL, PLAINTIFF-RESPONDENT, v. LYLE ELMER, DEFENDANT-APPELLANT, AND GABRIEL EDVY, DEFENDANT.

Argued January 16, 1934—Decided July 24, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Durand, Ivins & Carton.*

For the respondent, *Theodore D. Parsons* and *Theodore J. Labrecque.*

The opinion of the court was delivered by

HEHER, J. Plaintiff recovered a judgment against defendant Elmer, in the Monmouth County Court of Common Pleas, in an action in tort for negligence. There was a nonsuit in favor of defendant Edvy. Elmer appealed to this

court, and the judgment was affirmed.  11 *N. J. Mis. R.* 632; 167 *Atl. Rep.* 751.  The order of affirmance was entered on August 1st, 1933, and directed that the record and proceedings be remitted to the Common Pleas Court.

On October 2d, 1933, upon a verified petition filed in this court, alleging, *inter alia,* that plaintiff procured the judgment by fraud, in that, on the trial of the issue joined herein, he testified falsely as to the injuries sustained as a result of Elmer's negligence, a justice of this court made an order directing respondent to show cause before the court why the judgment of affirmance should not be set aside and the cause remanded to the lower court for a new trial.  Depositions were taken by both parties, pursuant to leave granted by the order.

We are confronted, *in limine,* with the question of jurisdiction, and it must be resolved in the negative.  The insistence of appellant is that the proofs establish the perpetration of the fraud alleged in the petition, and that "a court has inherent jurisdiction over its judgment," and has the power to vacate it when it is established that it was the product of fraud, and that the only available remedy is "to send this case back to the Common Pleas Court, and to order a new trial."

Unquestionably, an appellate court may vacate its judgment, if it is the product of fraud or imposition practiced upon that court, or was entered through inadvertence or mistake. It has been held that, in such a situation, the cause, in contemplation of law, remained in the appellate court, the *remittitur* being regarded as not the act of the court.  *Putnam* v. *Clark,* 35 *N. J. Eq.* 145.  But such is not the case here. The fraud alleged was practiced, if at all, in the court below.

Now, the situation here is that, pursuant to the command of the *remittitur,* the record and proceedings were remitted to the Common Pleas Court, and thereby jurisdiction of the cause was lost to this court and reinvested in the lower court. It is well settled that when judgment has been given in a cause in which the court exercises appellate jurisdiction strictly, and it is not the product of fraud or imposition,

or the result of mistake, inadvertence or misapprehension, and the record has been remitted regularly and in due course to the inferior court, the appellate court has no further jurisdiction of the cause. *King* v. *Ruckman, 22 N. J. Eq. 551; Putnam* v. *Clark, supra.*

We are, therefore, not called upon to determine whether, if the record had not been transmitted to the court below, pursuant to the judgment of affirmance, this court would have jurisdiction, in event that appellant established his allegation of fraud, to vacate the judgment of the court below, and order a new trial. It is the general rule that, save where expressly conferred, appellate courts have no original jurisdiction, and, in the exercise of their appellate jurisdiction, are limited to a review of the actual proceedings of the lower court, as set forth in the record transmitted from that court. 4 *C. J.* 39, 644. The jurisdiction of this court, in a case such as this, is to correct errors of law.

And there is no reason for entertaining appellant's application, assuming the existence of jurisdiction. Relief may be had in the court below. A court of original jurisdiction has inherent power, without the consent of the appellant tribunal, to order a new trial on the ground of newly-discovered evidence, and to vacate its judgment upon the ground that it was the product of fraud or imposition, or the result of mistake, inadvertence or misapprehension, even though it has been affirmed on appeal. This is the rule in courts of equitable jurisdiction, and it applies with equal force to courts of law. Compare *Putnam* v. *Clark, supra.* Of course, such an application could not, after affirmance of the judgment, be grounded upon errors appearing on the face of the record, for the obvious reason that the appellate court has pronounced, in effect, that the judgment is free from error. It results that the rule to show cause must be discharged.

Rule discharged, with costs.